*J. F. Golightly* and *Gus Russell,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.

---

## GEORGIA LIFE INSURANCE COMPANY *v.* HANVEY.

1. An exception to the allowance of an amendment to a petition is not ground for a motion for a new trial. *Bullock* v. *Cordele Sash &c. Co.,* 114 *Ga.* 627 (40 S. E. 734); *Hammond* v. *George,* 116 *Ga.* 792, 793 (43 S. E. 53).

2. The defendant was not entitled to a continuance of the case on the ground of *surprise* caused by the amendment, where he failed to comply with the requirements of the Civil Code, § 5714, by stating that he was not only surprised by such amendment, but that he was less prepared for trial, and how, than he would have been if such amendment had not been made, etc.

3. The improper remarks of counsel in addressing the jury in this case will not require a new trial, where the court promptly rebuked counsel

for making them, and in such manner that the jury must have understood that they were to disregard such remarks.

4. A new trial will not be granted on the ground of newly discovered evidence, where it appears that proper diligence has not been shown, or that the evidence would probably not change the result on another hearing.

AUGUST 10, 1915.

Action upon insurance policy. Before Judge Hammond. Richmond superior court. July 27, 1914. (See 141 *Ga.* 389.)

*A. Blackshear,* for plaintiff in error. *C. E. Dunbar,* contra.

HILL, J. This was a suit by Hanvey to recover, on a policy of insurance, damages alleged to have been sustained by his automobile, on account of its coming into contact with a bank or ditch on the side of the road on which he was traveling. The special items of damage to the automobile, amounting to $318, are admitted between counsel; and the only issue is whether the defendant is liable under "the terms of the collision clause of the policy," which reads: "Against loss or damage to any automobile herein described, including its operating equipment while attached thereto, if sustained within the period covered by this policy, and if caused solely by collision with another object, either moving or stationary (excluding, however, . . all loss or damage caused by striking any portion of the road-bed˜or any impediment consequent upon the condition thereof," etc. The jury found for the plaintiff, and the case is here on exceptions to the refusal of the court to grant a new trial. The case was here once before, and we then decided that as against a demurrer the petition set forth a cause of action.

1, 2. The first and second headnotes require no elaboration.

3. · Error is assigned because the court refused to declare a mistrial on account of certain language employed by counsel in concluding his argument to the jury, it being alleged that there was no evidence in the record upon which to base the statements, and that it prejudiced the minds of the jury against the defendant. Counsel said to them, in effect: "Gentlemen of the jury, Mr. Hanvey did not have anything to do with making this contract. This contract is not signed by him. It was drawn up by shrewd lawyers employed by the insurance company, who didn't have Mr. Hanvey's interest at heart when they were drawing the contract. It wasn't drawn up in Augusta. It was drawn up in Macon or some other place by shrewd lawyers." The motion to declare a mistrial was

overruled by the court, who directed the attorney for the plaintiff to proceed with his argument, stating to him in the presence of the jury that his remarks were improper and had nothing to do with the case. Such language, without evidence to authorize it, would undoubtedly be improper and calculated to prejudice the minds of the jury against the defendant, and should not have been indulged in by counsel; but it has been repeatedly ruled by this court that such language is not generally cause for a new trial where the trial judge promptly rebukes the attorney using such language, and cautions the jury not to consider it. This was substantially done in this case. See *McLendon* v. *Frost,* 57 *Ga.* 449 (10) ; *Dickerson* v. *State,* 121 *Ga.* 136 (48 S. E. 942) ; 1 Mich. Dig. 516; see also Civil Code, § 4957.

4. The court did not err in refusing a new trial on the ground of newly discovered evidence. Sufficient diligence was not shown in not discovering the witness before the trial. It appears that he lived right across the road from where the accident occurred, and by the slightest diligence counsel could have discovered whether this witness knew the facts sought to be proved by him. Besides, his evidence, if secured, would probably not produce a different result on another trial. Several of the witnesses for the plaintiff testified that the wheel of the plaintiff's automobile struck the bank on the side of the road and "turned turtle." The affidavit of the newly discovered witness is to the effect that he examined the ground at the point where the automobile lay, and that the ground showed that the automobile skidded and turned over as the result of being pulled too sharply to the left.

5. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur.*