## 20368. PATTERSON *v.* THE STATE.

BLOODWORTH, J. 1. It is "well settled that where a verdict is attacked in a motion for a new trial because of the prejudice of a juror, and an issue is formed by the evidence introduced by the parties upon the motion, the judge is the trior, and, unless there is an abuse of discretion, his finding against the movant and in favor of the impartiality of the juror is to be treated as final. Such is this case. *Jefferson* v. *State*, 137 *Ga.* 382 (1) (73 S. E. 499); *Webb* v. *State*, 138 *Ga.* 138 (1) (74 S. E. 1001); *Embry* v. *State*, 138 *Ga.* 464 (2) (75 S. E. 604)."

*Blalock* v. *Adams*, 31 *Ga. App.* 72 (2) (119 S. E. 465). "To disqualify one from being a juror in a criminal case, he must have formed and expressed an opinion, either from having seen the crime committed, or from having heard the testimony under oath." *Wilburn* v. *State*, 141 *Ga.* 511 (3) (81 S. E. 444). See *Hall* v. *State*, 141 *Ga.* 7, 9 (80 S. E. 307), and cit.; *Story* v. *State*, 28 *Ga. App.* 109, 110 (110 S. E. 326), and cit. Under the foregoing rulings it does not appear that the court abused its discretion in overruling special grounds 1, 2, and 3 of the motion for a new trial.

2. The 4th special ground of the motion is not complete within itself. To be understandable, it would require reference to other parts of the record. *Trammell* v. *Shirley*, 38 *Ga. App.* 715 (145 S. E. 486), Rule 14.

3. There is ample evidence to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1930.

*Homer L. Causey,* for plaintiff in error.
*Herbert A. Strickland, solicitor, W. G. Thomas,* contra.

