21484. · BASKIN *v.* THE STATE.

DECIDED SEPTEMBER 4, 1931. REHEARING DENIED SEPTEMBER 17, 1931.

*Arthur W. Powell,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. Baskin was convicted of burglary. He filed a motion for a new trial on September 27, 1930, which was overruled on December 6, 1930, to which judgment no exception was taken. On March 31, 1931, the defendant filed an "extraordinary motion for a new trial on the grounds of newly discovered evidence." The first ground of this motion alleges that one of the jurors, when asked on the voir dire what his occupation was, stated that he was a grocery clerk; that defendant believed this to be his only occupation; that while he was a clerk in his father's grocery store, he was also a supernumerary on the city police force; that "the prosecuting witness in said case was Lieutenant T. O. Sturdivant, who was an officer of the City of Atlanta, and that it would be natural for the defendant to believe that said juror would be prejudiced against him, and especially so as he would have liked to have gotten into the good graces of the said Lieutenant T. O. Sturdivant." The second ground of the motion, as to three negroes leaving the

scene of the crime, is not supported by the affidavits required by law, is not argued in the brief of the plaintiff in error, is apparently abandoned, and will not be considered by this court. The extraordinary motion was overruled, and on this ruling the defendant assigns error.

In a long list of "persons exempt from jury duty" is included "the members of the various police forces and town marshals of the several cities and towns in this State, *while so employed on such police forces.*" Penal Code, § 871. It would seem from the wording of this section that the exemption applies only "while so employed on such police forces." Otherwise this subsection would have provided for "the members of the various police forces" without inserting the proviso "while so employed." This interpretation is emphasized by other subdivisions of the section that contain no qualification, such as "Persons employed at the State Sanitarium," and other exemptions. The extraordinary motion shows that the juror was a member of the police force, but does not show that he was so employed at the time. He would probably have been in uniform if this were true. The record does show that he worked as clerk in his father's grocery store, and, being a supernumerary or substitute policeman, served as such at other times. However, even if merely being a member of the police force exempted him, he was not disqualified, because the last subdivision of this section provides that "Nothing herein contained shall be construed to work a disqualification of any of the classes named, or to exclude them from the jury-box."

Since the juror was not disqualified, the next question presented is, was he prejudiced or biased? The motion alleges that it was natural for the defendant to *believe* that the juror would be prejudiced, but nowhere does it allege that he *was* prejudiced. There being no allegation, naturally no proof to that effect would follow; and when a new trial is sought on the ground that a juror was prejudiced, the movant must prove prejudice by competent evidence. *Sumner* v. *State,* 109 *Ga.* 142 (34 S. E. 293). The juror in this case answered that he was a grocery clerk, the record shows that he was a grocery clerk, and there is no allegation or proof that he was not a grocery clerk, or that he was prejudiced, or that another trial would produce a different result. "The accused having been convicted of the crime with which he was charged, and his

motion for a new trial having been overruled," and no exception being taken to the overruling of his motion, "it was not error for the court below to overrule an extraordinary motion for new trial, inasmuch as it does not appear that such an extraordinary state of facts was shown by the affidavits submitted upon the hearing of the extraordinary motion as would probably produce a different result if a new trial should be granted." *Rogers* v. *State,* 129 *Ga.* 589 (59 S. E. 288) ; *Taylor* v. *Slate,* 13 *Ga. App.* 689 (79 S. E. 862). The jury having given the defendant the maximum penalty would indicate that they had no doubt of his guilt, and the failure to except to the overruling of his motion for a new trial would at least indicate that his counsel concluded that the verdict was not contrary to the law, the evidence, or the principles of justice.

The original motion for a new trial, based on the general grounds only, was filed on September 27, 1930, and was not passed on until December 6, 1930, and no amendment thereto was filed. The extraordinary motion was filed on March 31, 1931, more than six months after the original motion. Could the defendant or his counsel, by the exercise of ordinary diligence, have ascertained during this length of time that the juror, in addition to being a grocery clerk, was also a supernumerary policeman? See *Speer* v. *State,* 10 *Ga. App.* 817 (74 S. E. 95). "A bare recital in the affidavit of the movant or his counsel that the newly discovered evidence 'could not have been discovered by the exercise of ordinary care' is but a mere conclusion without a disclosure of the facts upon which such conclusion is based, and the trial judge is not bound to conclude that the affiant has exercised the required diligence." *Wheeler* v. *Salinger,* 33 *Ga. App.* 302 (9) (125 S. E. 888), and cit. And "It is 'well settled where a verdict is attacked in a motion for a new trial because of the prejudice of a juror, and an issue is formed by the evidence introduced by the parties upon the motion, the judge is the trior, and, unless there is an abuse of discretion, his finding against the movant and in favor of the impartiality of the juror is to be treated as final.'" *Patterson* v. *State,* 41 *Ga. App.* 375 (153 S. E. 201) ; *McNaughton* v. *State,* 136 *Ga.* 600 (4) (71 S. E. 1038) ; *Frank* v. *State,* 142 *Ga.* 617 (83 S. E. 233, 645, L. R. A. 1915D, 817). The extraordinary motion for a new trial in this case recites that it is "on the grounds of newly discovered evidence." "Ordinary motions for new trial on

the ground of newly discovered evidence are not favored, and extraordinary motions upon this ground are less favored." *Perry* v. *State,* 117 *Ga.* 719 (45 S. E. 77). "Extraordinary motions for new trials are not favored by the courts." (*Reese* v. *State,* 18 *Ga. App.* 289, 89 S. E. 303), "and a stricter rule is applied to such motions when they are based upon the ground of newly discovered evidence than to an ordinary motion based upon such a ground." *Davis* v. *State,* 41 *Ga. App.* 366 (153 S. E. 203) ; *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268). The trial judge did not abuse his discretion in overruling the extraordinary motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*