## 21581. JONES v. THE STATE.

DECIDED OCTOBER 7, 1931.

*T. S. Candler, Pat Haralson, J. B. Jones, J. G. Collins, C. S. Reid,* for plaintiff in error.

*Robert McMillan, solicitor-general, B. P. Gaillard Jr., W. V. Lance,* contra.

LUKE, J. In this case Charlie Jones excepts to the judgment overruling his extraordinary motion for a new trial, wherein it is

averred that J. L. Abernathy was disqualified to sit on the jury which convicted the movant of voluntary manslaughter.

The alleged prejudicial statements of the juror, Abernathy, were alleged to have been made two days before the trial of the case at the April term of Union superior court, 1928. In *Jones* v. *State,* 38 *Ga. App.* 360 (144 S. E. 14), decided July 10, 1928, this court affirmed Jones' conviction; thereafter this motion was filed; and, on April 17, 1931, the trial judge overruled the motion.

On the trial of the issue presented, N. L. Hemphill made affidavit that two days before the movant was tried, and at the affiant's house, J. L. Abernathy "clearly expressed himself as being unfriendly towards the defendant and evidenced every desire that he should be punished;" that Abernathy told affiant that "Jones ought to have been in the chain-gang long ago, and expressed the desire that they would get him there in the case to be tried;" that Jones and the other members of his family thought they could do anything and get by with it, but that this was one time that they would not get by;" and that affiant had tried to advise the defendant and his counsel of Abernathy's attitude towards movant, but had been unable to do so until after the verdict in the case.

Susie Hemphill adopted as her affidavit the affidavit of her husband, N. L. Hemphill. J. L. Abernathy deposed that he was not at Hemphill's home on the day he was charged with making the alleged statements; that he never expressed himself to Hemphill, or to any one else, as being unfriendly to movant; and that he never knew movant until after he had been sworn as a juror in the case. W. L. Hemphill and his wife, Susie, made a supplementary affidavit that the alleged conversation with Abernathy "may have been on Tuesday instead of Monday as originally stated;" that movant and Abernathy resided near each other; and that Abernathy did make the statements set out in their previous affidavits. Numerous persons deposed that they were personally acquainted with J. L. Abernathy and N. L. Hemphill; that Abernathy was worthy of belief in any court of justice; and that they "would not hesitate to believe the said Abernathy in preference to the said Hemphill."

We see nothing in this case to take it out of the general rule, approved by countless decisions of both of the appellate courts of this State, and expressed in *Patterson* v. *State,* 41 *Ga. App.* 375 (153 S. E. 201), in this language: "It is . . well settled that

where a verdict is attacked in a motion for a new trial because of the prejudice of a juror, and an issue is formed by the evidence introduced by the parties upon the motion, the judge is the trior, and, unless there is an abuse of discretion, his finding against the movant and in favor of the impartiality of the juror is to be treated as final."

We hold that the trial judge did not abuse his discretion in overruling the extraordinary motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*