31133.   McCOY *v.* SCARBOROUGH.

520

DECIDED MARCH 1, 1946.

*F. L. Breen, I. T. Cohen,* for plaintiff in error.

*Andrew A. Baumstark, Paul Ginsberg,* contra.

PARKER, J. ■ Under previous rulings of this court and of the Supreme Court, the assignment of error based on the overruling of the motions for nonsuit will not be considered. An assignment of error on a refusal to award a nonsuit will not be considered where, after such refusal, the case is submitted to the jury, and a motion for new trial is made which includes the ground that the verdict is contrary to the evidence and without evidence to support it. *Wakefield* v. *Lee,* 18 *Ga. App.* 648 (90 S. E. 224); *Fireman's Ins. Co.* v. *Blount,* 52 *Ga. App.* 223, 224 (183 S. E. 111); *Schaffer* v. *Moore,* 59 *Ga. App.* 542 (supra); *Foremost Dairy Products Inc.* v. *Sawyer,* 185 *Ga.* 702, 716(5) (196 S. E. 436).

■ The motion, in the nature of a general demurrer, to dismiss the petition on the ground that the contract declared on had not

been completed by the plaintiff was properly overruled. The petition alleged that the plaintiff's failure to complete the contract was brought about by the conduct of the defendant, who ordered him off of the job, and who otherwise interferred with the plaintiff and his workmen in the completion of the work. While it is generally essential to allege and prove that a contract sued on has been fully performed, a lack of performance may be excused if it is alleged and proved that a failure to completely perform the contract was due to the fault of the defendant. See *Neely* v. *Willard Bag & Mfg. Co.*, *23 Ga. App.* 598, 604 (99 S. E. 167), and citations, and *Bancroft* v. *Conyers Realty Co.*, *63 Ga. App.* 106(2) (10 S. E. 2d, 286). "If the non-performance [of the contract] is caused by the act or fault of the opposite party, that excuses the other party from performance." Code, § 20-1104. We think that the allegations of the petition relating to the failure of the plaintiff to fully perform the contract were sufficient as against the motion to dismiss.

■ Special ground 1 complains of this excerpt from the charge: "In addition, if you believe that the defendant employed the plaintiff to do $10 worth of work on his garage, and you believe that the plaintiff did that work, and that, whether there was any amount agreed to be paid for it or not, if you believe that $10 was a reasonable price for the work and that it was done under order of the defendant, and done by the plaintiff, then, in addition to the $600, the plaintiff would be entitled to recover $10 more." This charge is objected to as being argumentative and as amounting to directing a verdict for the plaintiff in the sum of $600 and as being confusing and misleading to the jury. We do not think that these criticisms are well-taken or that they show error. The charge as a whole must be considered. It appears therefrom that, in the paragraph immediately preceding the language complained of, the court charged fully and correctly as to the circumstances under which the plaintiff would be entitled to recover the $600. Therefore this assignment of error is without merit.

■ Special ground 2 complains of the failure to charge the jury as follows: "If they should believe the plaintiff's theory of the case and should further believe that it would take about $35 more to complete the work, that plaintiff should not recover for $35 worth

of work that he did not do." No sufficient reason appears in this ground why the court should have charged as suggested; and in the absence of a timely written request for such charge, we cannot say that this ground shows error.

■ Special ground 3 alleges error in the trial because of the refusal to grant a motion for mistrial made by the defendant when counsel for the plaintiff made remarks in his argument to the jury, substantially as follows: "That plaintiff was a poor man trying to get along, and that defendant lived in a big house, was wealthy, entertained movie stars, and should be taught a lesson by the jury." In ruling upon the motion the court said: "Gentlemen of the jury, I instruct you that the question of solvency or the financial circumstances of either of the parties has absolutely nothing to do with the case. The rule with reference to the argument of counsel in a civil case is that they have a right to argue the evidence and make such reasonable deductions as they may draw. There is no evidence here, and could not be, in this case, as to the financial responsibility of either the plaintiff or the defendant in the case. The argument was improper, it is withdrawn from your consideration entirely, and you will not consider it at all. And Mr. Baumstark, of course, understands that he will not repeat it or anything like it, and, with that statement, I overrule the motion for mistrial. Go ahead." We agree with the statement of the court that the argument was improper, but a trial court has a broad discretion in passing upon a motion for mistrial based on alleged improper remarks of counsel; and that discretion will not be interfered with by a reviewing court unless it appears that a mistrial was essential to the preservation of the right of fair trial. *Manchester* v. *State,* 171 *Ga.* 121(7) (155 S. E. 11); *Louisville & Nashville R. Co.* v. *McCamy,* 72 *Ga. App.* 769, 775 (35 S. E. 2d, 206). Conceding that the remarks were not proper, and that they were prejudicial and harmful to the defendant, the prompt action of the court in instructing the jury that the argument was improper, and in withdrawing it from their consideration entirely, and rebuking counsel for making that argument, would seem to be sufficient to have relieved the incident of its harmful effects upon the defendant. We are, therefore, constrained to hold that the court did not abuse its discretion in overruling the motion.

■ Special ground 4 complains of other remarks of counsel for the plaintiff in his argument to the jury, as follows: "There should be a penalty in the law to protect people such as plaintiff against people such as the defendant, whereby in a case such as this the defendant would be penalized if a plaintiff sued him. In objecting to these remarks counsel for the defendant did not move for a mistrial or request the court to instruct the jury not to consider the alleged improper argument. This court has held that a mere objection to an unwarranted and prejudicial argument, without more, is not sufficient to properly invoke a ruling by the court. See *Lenox Drug Co.* v. *New England Jewelry Co.,* 16 *Ga. App.* 476 (5) (85 S. E. 681), and citations. Counsel in this case did suggest to the court that opposing counsel "ought to be cautioned," but he did not expressly move for a mistrial or request that the jury be told to disregard the argument. The court did not rule on the objection made to the remarks of counsel, but simply directed that the argument proceed. It may be that the failure to rule was the equivalent of overruling the objection. While the argument criticised approached the border line of impropriety, in the absence of a more specific motion by counsel in objecting thereto, we cannot say that error was committed. The well-settled rule as to the discretion vested in the trial court, as discussed in division 5, would also apply to this ground, and we cannot say that the court abused that discretion in not sustaining the objections of the defendant.

■ There was evidence in support of the verdict as found by the jury; it has the approval of the trial judge, and no error of law appearing, the court properly overruled the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*