23759. ANDREWS v. THE STATE.

Submitted October 11, 1966—Decided November 3, 1966.

*Roberts & Thornton, James A. Elkins, Jr.,* for appellant.

*W. B. Skipworth, Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

Almand, Justice.    Daniel Andrews, under an indictment charging him with murder in that he did unlawfully with malice aforethought kill one George White by cutting and stabbing him with a knife, was on his trial found guilty and, on recommendation of mercy by the jury, sentenced to life imprisonment.

The defendant filed a motion for new trial, and as amended, it was overruled. He then filed his notice of appeal from the judgment of conviction and sentence imposed.

■ The first ground of alleged error is that the court erred in not charging the law of voluntary manslaughter as requested. Taking all of the evidence produced by the State, the evidence on behalf of the defendant and his sworn testimony, not one iota of this evidence shows any ground as reason to justify a charge on the law of voluntary manslaughter. Under all of the evidence, as the court charged, the defendant was either guilty of murder or was not guilty as acting in self-defense. It was not error to refuse to charge as requested on the law of voluntary manslaughter. See *Thurmond v. State,* 220 Ga. 277 (5) (138 SE2d 372).

■ It is contended that the court erred in admitting, over objection, a photograph of the deceased's body. There was testimony that the cause of death of the victim was two stab wounds in his left chest and shoulder. The photograph introduced illustrated the character and nature of these wounds. It was not error to admit this photograph in evidence. *Russell v. State,* 196 Ga. 275 (1) (26 SE2d 528); *Bryan v. State,* 206 Ga. 73 (2) (55 SE2d 574); *Toler v. State,* 213 Ga. 12 (3) (96 SE2d 593).

■ It is asserted that the court erred in refusing to grant

the defendant's motion for a mistrial growing out of the following occurrence. On cross examination of the defendant, the solicitor general asked him if he had been arrested. Before defendant could answer, his objection was sustained. The court instructed the jury to disregard the question and reprimanded the solicitor general. Under these circumstances, the refusal to grant the motion for a mistrial was not error. *Manchester v. State,* 171 Ga. 121 (7) (155 SE 11).

■ In the fourth enumeration of error, it is asserted that "the court erred in giving the instructions it did and in making the statements it did which are found on pages 104 to 108 of the transcript." The record discloses that, after the jury had retired to consider the case, they returned in open court to request further enlightenment and instructions. The record shows that the court answered these questions properly, and the appellant makes no specific charge that any one of the court's answers was improper. There is no merit in this ground.

■ Enumerated errors 5, 6, and 7 contain only the general grounds. Our examination and review of the evidence discloses that the jury was authorized to find the defendant guilty of murder.

*Judgment affirmed. All the Justices concur.*