24330. ARKWRIGHT v. THE STATE.

769

ARGUED OCTOBER 9, 1967—DECIDED NOVEMBER 9, 1967.

*Limerick L. Odom, L. H. Hilton, Kravitch & Hendrix, Aaron Kravitch,* for appellant.

*Cohen Anderson, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Mathew Robins, Deputy Assistant Attorney General,* for appellee.

MOBLEY, Justice. The defendant and Johnnie B. Williams were jointly indicted for rape. The defendant requested a severance and the case proceeded to trial against him. He was found guilty without a recommendation of mercy and was sentenced to death. From this verdict and judgment he appealed. He filed enumerations of errors on August 31 and on September 5, 1967, within ten days after the transcript of record was filed in this court, as required by the Appellate Practice Act (Ga. L. 1965, pp. 18, 29, as amended by Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-810), and the rules of this court. Rule 20 (221 Ga. 884). A purported amendment to the enumerations of errors, filed after the time allowed for filing of the enumeration of errors, will not be considered by this court for failure to comply with the Appellate Practice Act and the rules of this court. *Foskey v. Kirkland,* 221 Ga. 773 (1) (147 SE2d 310).

■ In his enumeration of errors the defendant alleges that the verdict is contrary to the evidence and without evidence to support it, and contrary to law and the principles of justice and equity. This contention is wholly without merit. The evidence shows that the defendant and Williams went to the home of the victim, which was in the country with no other home nearby, entered the home, robbed her of the money she had, then choked her, threatened to kill her, and dragged her into the woods, where she was held by Williams while, according to the defendant, he attempted to have sexual relations with her but was unable to do so. The victim testified that the defendant did accomplish his purpose, that he then held her while Williams raped her, and then the defendant again raped her. The doctor who examined her shortly afterwards at the hospital, where she was brought by a neighbor, testified that there was male sperm in her vagina and that she was in a state of shock or hysteria. After raping the victim, Williams stripped her wedding ring and band from her finger, and the defendant and Williams tied her to a tree and left her in the woods. She released herself and went looking for her four-year old child, who was alone at home with her when the defendant and Williams had entered the house. She was picked up on the road by a friend, as was her child, who had been seen walking down the road. The evidence shows the cruel, inhumane, wholly unprovoked, dastardly crime of rape committed upon this helpless young woman by the defendant and his companion.

■ The enumeration of error alleging that the court refused to declare a mistrial on the ground that the court had excluded from the panel of 48 jurors each juror who was opposed to capital punishment, in violation of the Fifth and Sixth Amendments of the United States Constitution (*Code* §§ 1-805, 1-806), has been settled adversely to the defendant's contention by full bench decisions of this court. *Massey v. State,* 222 Ga. 143 (5), 150 (149 SE2d 118); *Cobb v. State,* 222 Ga. 733, 737 (3) (152 SE2d 403); *Gunter v. State,* 223 Ga. 290 (2) (154 SE2d 608), and cases cited.

■ Ground 3 enumerates as error the failure of the court to charge the jury the law with respect to assault with intent to

rape. The victim testified that the defendant raped her twice and Williams raped her once, each aiding and abetting the other by holding her while the other raped her. The defendant admitted in his unsworn statement that he attempted to rape her twice, while Williams held her, and that he held her while Williams raped her. Under any theory of the evidence, the defendant was guilty of rape. If he actually raped her, as the victim testified, or if he aided and abetted Williams in raping her, he is guilty of rape, and consequently the court did not err in omitting to charge upon the subject of assault with intent to commit rape. *Bailey v. State*, 153 Ga. 413 (2) (112 SE 453). See also *Whitley v. State*, 188 Ga. 177, 178 (2) (3 SE2d 588), and cases cited.

■ It is asserted that the court erred in permitting the jury to disperse after returning its verdict and before the verdict was read and published. The record shows that before the judge charged the jury, counsel for the defendant and the State made the following agreement, as it appears in the record: "Stipulation. The Court: (Outside of the presence of the jury). Let the record in this case show that the Judge has conferred with counsel for both the State and the defendant and it is agreed by counsel for both the State and the defendant that the court instruct the jury trying this case, when they have agreed upon a verdict and written it on the back of the indictment and signed by the foreman and dated, that that verdict be sealed, that the foreman endorse his name on the outside of the sealed envelope, with the date, and return the sealed verdict to the court. That the clerk of the court will hold that verdict, unopened, until the jury is empaneled in the case of The State v. Johnnie B. Williams, the co-defendant and after the jury is empaneled to try that case, on July 18th, 1967, that the verdict of the jury in this case will then be opened and published. Let the record show too that counsel does not waive any other of its rights to poll the jury or any other rights that they have under the law. Mr. Hilton, you and Mr. Odom are present, that is agreeable? Mr. Hilton: Yes, sir, that's correct. Mr. L. L. Odom: That's correct. The Court: And you, Judge Odom, for the State, along with the Solicitor General, is that agreeable? Mr. Tom Odom: Yes, sir. Mr. Anderson: Yes, sir."

The defendant contends that he did not acquiesce in this agreement, that it was not submitted to him, and he was not advised that his counsel was waiving his right to have the jury kept together. Obviously, the agreement was made in open court in his presence and was not objected to by him. After keeping silent in the presence of the court while his attorney made the agreement, he will not be heard thereafter to deny the authority of his attorney to make it. See *Archer v. Clark*, 202 Ga. 229 (1) (42 SE2d 924).

"It is a right of a defendant being tried for murder to have the jury kept together while hearing and considering his case (*Berry v. State*, 10 Ga. 511), but he may waive such right. *Code* § 102-106; *Sarah v. State*, 28 Ga. 576; 23 CJS, Criminal Law, 1014, 1064, §§ 1355, 1387. . . During the trial of the instant case but before it was submitted to the jury, and at a private conference between the trial judge, the solicitor general, and all the attorneys for the defendant, it was agreed that the jury might be dispersed for the night under instructions of the court, which were given. The defendant, having made such an agreement through his counsel, will not be heard to complain for the first time after the verdict, . . ." *Buttersworth v. State*, 200 Ga. 13, 23 (36 SE2d 301). See also *Atlanta Newspapers, Inc. v. State of Ga.*, 216 Ga. 399 (4) (116 SE2d 580) ; *Thompkins v. State*, 222 Ga. 420 (3) (151 SE2d 153).

■ The enumeration of error alleging that the court erred in admitting photographs and stating in the presence of the jury, "so far there has been nothing in the case to refute what this lady says—that the thing began at her house, the rape was consummated near her house out in the woods from her house," is without merit, as the record does not substantiate the allegations. On the contrary, the record shows that the photographs were not admitted in evidence, and the statement of the judge was made outside the presence of the jury.

*Judgment affirmed. All the Justices concur.*