24374. WOOTEN v. THE STATE.

Argued November 13, 1967—Decided February 16, 1968.

*George L. Jackson*, for appellant.

*George D. Lawrence, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General, Joel Williams*, for appellee.

.Frankum, Justice. Alton Woodrow Wooten was convicted with a recommendation of mercy of the murder of Henry Lee Thomas, Sr. From that conviction he appealed to this court and has enumerated fourteen grounds of alleged error. The headnotes announce the decision of the court with respect to those grounds of enumerated error which we deem it necessary to decide. Only the first of the headnotes requires elaboration here.

The indictment in this case was returned on April 17, 1967. On March 30, 1967, the governor had signed House Bill No. 307 amending *Code* § 59-106 so as to require a revision of the jury list of the various counties by the jury commissioners and to provide for the selection of the jurors from a representative cross section of the upright and intelligent citizens of the county whose names appear on the official registered voters' list used in the last preceding general election rather than those appearing on the books of the tax receiver. Ga. L. 1967, p. 251. Before his arraignment on the 19th day of April, 1967, the defendant filed a written plea in abatement in which he contended that the grand jury which indicted him was illegally constituted, in that it was made up of jurors taken from the tax digest rather than from the list of registered voters, as required by the 1967 amendment above referred to. The trial court overruled that plea and that judgment is excepted to in the first ground of enumerated error.

One who knows that his activities will be investigated by the grand jury of a particular county, and who knows that such investigation may result in the grand jury returning an indictment charging him with the commission of a felony, and who contends that the grand jury is illegally constituted for any reason, must present any objections which he has to the make-up of the grand jury by a proper challenge to the array of the grand jurors before the indictment is found. So, where, as in this case, after the indictment has been returned, and upon the call of the case for trial, the defendant, before pleading to the merits of the case, files a plea in abatement challenging the indictment on grounds of illegality in the composition of the grand jury, he must show by such plea in abatement that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned, before such a plea may be entertained. *Turner v. State,* 78 Ga. 174 (1); *Folds v. State,* 123 Ga. 167, 168 (2) (51 SE 305); *Tucker v. State,* 135 Ga. 79 (1) (68 SE 786); *Lumpkin v. State,* 152 Ga. 229, 231 (7) (109 SE 664). Accordingly, the plea in abatement in this case by which the defendant contended that the indictment returned against him on April 17, 1967, was void because the grand jury returning the same was chosen from the tax digest of Jones County rather than from the voters' list of Jones County, as required by the Act approved March 30, 1967 (Ga. L. 1967, p. 251, et seq.) amending *Code* § 59-106, which plea in abatement was not filed until April 19, 1967, when the case was sounded for trial and which set forth therein no reason why the defendant could not have challenged the array of the grand jurors prior to the indictment was properly overruled.

*Judgment reversed. All the Justices concur.*