46327.   GORE v. THE STATE.

Jordan, Presiding Judge. The defendant appeals a conviction of the misdemeanor offense of shoplifting.

Long after the time for filing an enumeration of errors the de-

fendant submitted a purported amendment to his original enumeration of errors. This amendment will not be considered. *Foskey v. Kirkland,* 221 Ga. 773 (1) (147 SE2d 310); *Arkwright v. State,* 223 Ga. 768 (158 SE2d 370); *Ga. R. & Bkg. Co. v. Frazer,* 118 Ga. App. 810 (165 SE2d 607).

The defendant originally asserted error solely on the overruling of his "objection to questions and remarks made by the district attorney which were prejudicial in nature."

The enumeration is explained in the defendant's first brief as follows: "During the examination of the defendant before the jury, the district attorney very abruptly asked the defendant how many times the defendant had taken the Georgia bar examination. Before an objection could be made, the district attorney asked whether or not it was true that defendant was suing the bar examiners in an effort to force them to pass him. The defendant objected and was overruled."

The transcript discloses that the trial judge sustained an objection "as to how many times he has taken the bar examination." Thereafter, immediately following the defendant's testimony that he knew he was not guilty of the alleged shoplifting offense, in the face of eyewitness testimony to the contrary, the district attorney posed the question, "That is the same reason, Mr. Gore, that you sued the state bar examiners, isn't that right?" and his answer "I don't know. . ." was interrupted by his counsel's motion for mistrial.

The jury was immediately excused, and after a hearing the trial judge overruled the motion for mistrial, informed the attorneys that he would instruct the jury to disregard the statement, and require an apology from the district attorney in the presence of the jury. In the presence of the jury he instructed the jury to "disregard completely the statement made by the district attorney. It was in the form of a question really . . . that's why you sued the bar examiners. I want you to eliminate it from your mind." He then informed the district attorney that "You owe an apology to the court and jury for this statement. You may so apologize." The district attorney complied with his instructions, after which opposing counsel stated that "we just perfect the record by saying that we would feel that the admonishment

would not serve the purpose of a mistrial."

In our opinion the transcript discloses an appropriate and adequate handling of the matter in the manner prescribed by *Code* § 81-1009. There is no merit in the appeal.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs specially.*

ARGUED JUNE 29, 1971—DECIDED SEPTEMBER 8, 1971.

Oscar N. Gore, *pro se.*

*Jerry Gentry,* for appellee.

EVANS, Judge, concurring specially. During interrogation of the defendant, State's counsel asked him how many times he had taken the Georgia bar examination; and before objection could be made, asked him whether or not it was true that defendant was suing the Georgia bar examiners. Motion for mistrial was promptly made at the time, and the trial court required an apology and instructed the jury not to consider these questions. The Supreme Court of Georgia has held time and again that this action is sufficient, and that the question of whether a mistrial should be granted is a matter for determination in the exercise of the trial judge's discretion. See *Andrews v. State,* 222 Ga. 689 (3) (152 SE2d 388); *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719); *Wooten v. State,* 224 Ga. 106 (3) (160 SE2d 403), among many others.

I am bound by these decisions of the Supreme Court, but I do not agree with them. Something more drastic than a remonstrance and the requirement of an apology would seem to be required when a prosecuting officer, who is an agent of the State of Georgia, injects extraneous matter into a trial which has no purpose other than to prejudice the case of the defendant and to deprive him of a fair trial. See my dissenting opinions in *Merneigh v. State,* 123 Ga. App. 485 (181 SE2d 498) and in *Johnson v. State,* 123 Ga. App. 857 (182 SE2d 701).

Whether or not defendant was suing the Georgia bar examiners was irrelevant to the question at issue; and its introduction into the case was completely inexcusable. Of course, the trial judge instructed the jury not to be influenced by the question, and required an apology from counsel, but who is to say whether the

jury did let this matter influence them? Which one of us knows how much our likes and dislikes, favoritisms and prejudices influence us on any given subject? The human mind is a mysterious agent, and a simple suggestion by the trial judge to pay no attention to this matter may have fallen far short of accomplishing that result.

I agree with the judgment affirming the trial court only because I am bound by the decisions of the Supreme Court of Georgia above enumerated.