46429. CORVAIR FURNITURE MANUFACTURING
COMPANY, INC. et al. v. BULL.
46430. WELCH v. DUNHAM.

ARGUED SEPTEMBER 16, 1971—DECIDED NOVEMBER 16, 1971—
REHEARING DENIED DECEMBER 7, 1971.

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellants.

*Richard D. Phillips,* for appellees.

EBERHARDT, Judge. ■ In each of these personal injury suits, tried separately, there was evidence which, if believed by the jury, authorized the return of verdicts for the plaintiffs. The general grounds of the motions for new trial are without merit.

■ Error is enumerated upon the method employed in selecting the jurors, urging that a special Act under which the jury commissioners of Long County were chosen and who, in turn, selected the names of citizens to be placed in the jury box (See Ga. L. 1962, p. 6)[1] was unconstitutional, was contrary to and in conflict with the general law obtaining throughout the state on that subject; that counsel for the plaintiffs was the clerk of the county commissioners and exerted his influence upon them in the selection of names for submission to the judge of the superior courts

---

[1]Repealed by Ga. L. 1970, p. 10.

and from which he was bound to appoint the jury commissioners; and that all of this resulted in a biased jury, as was reflected in the verdicts which were for the full amount of damages claimed by the plaintiffs.

No attack upon the constitutionality of the Act of 1962 or challenge to the array of jurors selected under its provisions was made prior to the striking of the jury or even prior to the return of the verdicts. Counsel now urges that he was unfamiliar with the provisions of the Act of 1962, amending *Code* § 59-101, and which, because of its population limitations, applied only in Long County, and that he discovered it after the trial had ended. He was not a resident of Long County and engaged in the practice of law there only occasionally.

We do not doubt the sincerity of counsel's assertions in this respect, and it must be agreed that the Act of 1962 provided a very irregular method of securing jury commissioners and thus of securing jurors to serve in the courts of that county. The position of the attorney for the plaintiffs as clerk to the county commissioners may, as appellants contend, have enabled him to exert influence in the naming of jury commissioners, and thus in the controlling of the selection of names for the jury box.

If timely made, a challenge to the whole panel in civil cases will lie. *Reynolds v. Reynolds,* 217 Ga. 234, 262 (123 SE2d 115). But failure to enter the challenge at the proper time—at least prior to verdict—amounts to a waiver of the ground. *Derryberry v. Higdon,* 116 Ga. App. 381 (1) (157 SE2d 559). And in *Derryberry* it was asserted in this connection that "Ignorance of the new law which became effective four days before the trial began provides no legal excuse to preclude the application and effective operation of the waiver."

Since no constitutional attack on the Act was timely made in the trial court, any claim of unconstitutionality urged for the first time in the motion for new trial or in the appellate court raises no issue for consideration. *Woods v. State,* 222 Ga. 321 (149 SE2d 674). Even though the stat-

ute may be palpably unconstitutional, it will not be so declared unless a proper and timely attack is made. *Robinson v. McLennan,* 224 Ga. 415 (2) (162 SE2d 314). If a proper and timely attack on the Act of 1962 had been made, this appeal would have fallen within the jurisdiction of the Supreme Court; but since it was not, it is properly in this court, where constitutionality of the Act is presumed.

The enumerations of error concerning this matter are without merit.

■ Appellant urges that a jury list prepared by commissioners appointed under the Act of 1962 has been held violative of due process to civil litigants as well as criminal defendants by Judge Alexander A. Lawrence of the United States District Court for the Southern District of Georgia, in the case of Simmons v. Jones, 317 FSupp. 397,[2] and that we should recognize his ruling. We have the greatest respect and admiration for Judge Lawrence and we know of his unusual ability as a judge. His judgment may very well be a correct one, but we are bound by the provisions of the Constitution of Georgia relative to our own jurisdiction, by the precedents found in decisions of the Supreme Court of this State and by the rules of practice applicable to appeals. Even though we should conclude that Judge Lawrence's ruling is a correct one, we could not give it effect since there was here no timely challenge to the array as there was in Simmons v. Jones, supra.

■ In special ground 6 of the motions for new trial appellants urged that a new trial be granted because counsel for Mrs. Bull, in her action as plaintiff, had named Mrs. Dunham as a defendant, along with others; that counsel had then filed a separate suit against the other defendants for Mrs. Dunham as plaintiff, and that this afforded him access

---

[2]Constitutionality of the Act of 1962 was challenged in *Simmons v. Gordon,* 226 Ga. 162 (173 SE2d 223), but when the Act was repealed by Ga. L. 1970, p. 10, the appeal was dismissed for mootness.

to both sides of the case.[3] Overruling of this ground is enumerated as error.

There is and can be no question that it is highly improper for an attorney to represent both sides of an issue. Canons 6 and 37 of the Canons of Professional Ethics promulgated by the American Bar Association in 1908, Canon 5 of its recent Code of Professional Responsibility, both of which the State Bar of Georgia has officially endorsed, and Rule 3-106 of the Rules of the State Bar of Georgia, 219 Ga. 887, promulgated by the Supreme Court at the request of the Bar, make it clear that a lawyer should not represent clients in a matter where their interests are in any wise conflicting or diverse. He may not take advantage of his superior knowledge of a matter obtained from one client, and by it impose upon another. And "nothing is better settled than that an attorney who acquires knowledge of the affairs of another pending the relationship of attorney and client between them cannot use such knowledge afterwards to the detriment of his former client. An attorney who has been on one side of litigation will not be allowed to take a position in subsequent cases where the knowledge derived from his former client might be used to the prejudice of such client. See *Burnside v. Perry,* 51 Ga. 186 (2); *Brown v. Matthews,* 79 Ga. 1 (3) [4 SE 13]; *Conley v. Arnold,* 93 Ga. 823 (1) [20 SE 762]; *Stone v. Minter,* 111 Ga. 45 (1) [36 SE 321]." *Tucker v. Murphey,* 114 Ga. 662, 665 (40 SE 836). And see *Clifton v. State,* 187 Ga. 502, 505 (2 SE2d 102); *Tilley v. King,* 190 Ga. 421 (2) (9 SE2d 670); *Bugg v. Chevron Chemical Co.,* 224 Ga. 809 (165 SE2d 135); 7 AmJur2d 63, Attorneys at Law, § 34; 7 CJS 827, Attorney and Client, § 48. However, there was no motion to disqualify counsel (cf. *Tucker v. Murphey,* 114 Ga. 662, 665, supra; *Clifton v. State,* 187 Ga. 502 (1), supra; *Bugg v. Chevron Chemical Co.,* 224 Ga. 809, supra), and these matters ad-

---

[3]Mrs. Dunham was voluntarily stricken as a party defendant to the suit brought by Mrs. Bull prior to the time of trial.

dress themselves to the Bar and its appropriate committees if there have been violations.

■ Appellants urge that their defenses were prejudiced before the jury by remarks of the judge in two instances, and that denial of their motions for mistrial on those grounds was error.

(a) While plaintiffs' counsel was examining one of his witnesses, defense counsel made inquiry as to whether "there has been a set-up of memorized answers to specific questions." Plaintiffs' counsel objected, asserting that the inquiry was "highly improper." The court agreed, and admonished counsel, "Sir, I don't appreciate you mentioning that in this courtroom, and if you do it again I'll rule you for contempt." Defendant's counsel promptly apologized, saying that he had no intention of being disrespectful to the court.

After the direct examination had concluded and cross examination had proceeded for some time, plaintiff's counsel objected to a question as being repetitious. The jury was sent out and counsel for defendants moved for a mistrial "because I believe my clients' position has been prejudiced before the jury," making it clear that the motion was directed to the judge's remarks in rebuking him.

The motion was not made immediately after the admonition of the judge and his threat of contempt against counsel. We have held that it must be made at the time of the occurrence, and should particularize the ground. *Lumbermen's Underwriting Alliance v. Jessup*, 100 Ga. App. 518, 533 (112 SE2d 337).

Appellant urges that the atmosphere of the courtroom was surcharged with tenseness and with obvious resentment against its counsel by the court at the time, making it highly inadvisable that the motion for mistrial be made until there had been time for a cooling off, and that this was well demonstrated by the tone or inflections of the voice of the judge in the admonishing of counsel. If that were the case we are unable to discern it from a reading of the record, for, as was asserted in *Herrington v. State*, 130 Ga. 307, 315 (60 SE 572), "as to the emphasis of the judge

in his charge, we are utterly unable to pass upon that, as there are no means yet provided for conveying to this court the cadences of the judge when he instructs the jury for one side, and again its emphatic swell when he is instructing for the other." And Justice Grice, in *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217, 234 (17 SE2d 825) said: "The cold typewritten transcript is neither a phonograph nor a photograph, nor can it present the atmosphere of a trial."

We are, therefore, unable to find reversible error in this respect.

(b) After the objection of repetitiousness by plaintiff's counsel and defense counsel's explanation of what he sought to obtain from the witness, the court remarked, "All right, I'll let you ask him one more time."

We do not find this remark of the judge to have been such as to require the grant of a mistrial. If counsel had been repetitious in his questioning, the court had a right to restrict it, and in doing so the defense is not belittled or disparaged. See *Cheek v. State,* 118 Ga. App. 385 (2) (163 SE2d 856).

■ On voir dire defendants' counsel inquired of the jurors, including Andrew J. Edwards, as to their occupations. He answered that he was "on disability. I was on a construction job." It was later discovered (after the evidence had closed) that this juror was a part-time city policeman and an honorary deputy sheriff (for which he received no pay). A motion for mistrial was made on the ground that this misstatement of Edwards as to his occupational status had deceived counsel and that had the true facts been known Mr. Edwards would have been stricken. The motion was overruled.

Appellant does not demonstrate in what manner harm resulted from the concealment by the juror of the facts as to his connection with the city and county law enforcement agencies. Though he was *exempt* from jury service by *Code Ann.* § 59-112 he was not *disqualified.* Compare *Baskin v. State,* 43 Ga. App. 760 (160 SE 539). It is elementary that even where there is error, it must be demonstrated to have been harmful before it affords ground for reversal.

■ A deputy sheriff, testifying for plaintiff Dunham on the trial of her case concerning the investigation he made of the collision, was on cross examination and counsel asked of him: "Did you tell them (defendants) that it was not their fault and that it was plain that it wasn't their fault?" to which he answered: "No, sir." On re-direct examination plaintiff's attorney asked: "Uh, Mr. McGowan, Mr. Newton earlier asked you didn't you tell Mr. Welch, uh, that he didn't have anything to worry about or something to that effect, that it wasn't his fault. Didn't you, in fact, make a criminal charge against Mr. Welch?" to which the witness replied: "Yes, sir, I did."

Defendant's counsel moved immediately for a mistrial, and the motion was overruled. A few minutes later, when the court recessed for lunch and the jury was allowed to disperse, the motion for mistrial was renewed, particularizing the ground and asserting: ". . . any criminal charge made, in the absence of a showing that Mr. Welch entered a plea of guilty to the charge, would be inadmissible, prejudicial and harmful to the defendant, and it is upon that gound that I move for a mistrial." Appellee's contention that this area had been opened up by counsel for appellant when he asked the witness whether he had remarked to the defendant that there was nothing to worry about, that it was not his fault, is untenable. The issue on trial and on which the interrogation was made was whether there had been fault on the part of the defendant—culpable negligence—and not one of criminal responsibility.

When the jury returned after lunch the court admonished them: "Gentlemen of the Jury, in response to questioning of Judge Phillips just prior to the noon recess of Mr. E. S. McGowan, it was brought out that a case was made against the defendant in this case. I now instruct you that you will disregard that question and that answer, dismiss it entirely from your mind. Just forget the testimony entirely, and do not consider it when you go into your jury room. I will give you further instructions on that in my charge."

Defendant's counsel renewed the motion, and it was

again overruled. When the court omitted to refer to the matter in the charge counsel again urged that he was entitled to a mistrial because of the injection of the matter of a criminal charge made against the defendant Welch, and that "I do not waive that. I stand upon that ground, in that a mistrial should have been declared."

It is beyond question that it was not competent to prove in this civil action that a criminal charge, growing out of the incident which forms the basis of the action, was lodged against one of the defendants. *Smith v. Goodwin,* 103 Ga. App. 248 (3) (119 SE2d 35). The judge clearly instructed the jury to disregard both the question and the answer, to dismiss it from their minds and not to consider it in the jury room. There was no rebuke to counsel who elicited the improper evidence, and while oui view as to this is expressed in the dissent of Justice Felton in *Cummings v. State,* 226 Ga. 46, 51 (172 SE2d 395), yet as he pointed out, the mandate of § 81-1009 in this respect has not always been followed in the decisions of the appellate courts, expecially when it appears, as here, that the jury was instructed to disregard the matter complained about. *Wells v. State,* 194 Ga. 70 (5) (20 SE2d 580); *Purcell v. Hill,* 220 Ga. 663 (141 SE2d 152); *Walker v. Smith,* 87 Ga. App. 517 (1, 2) (74 SE2d 374); *Harrison v. State,* 120 Ga. App. 812 (5) (172 SE2d 328); *Yellow Cab Co. v. Adams,* 71 Ga. App. 404, 415 (31 SE2d 195). We are bound by these and many other decisions holding that we cannot say that the action of the judge did not effectively eliminate the improper evidence from consideration, and thus render the error harmless. Cf. *Collins Park &c. R. Co. v. Ware,* 112 Ga. 663, 664 (37 SE 975); *Davies v. Hearn,* 45 Ga. App. 276, 281 (164 SE 273).

Again, we find our own view to be consistent with that of Justice Felton, as above mentioned, and with that of Judge Evans in his dissent to *Gore v. State,* 124 Ga. App. 398, 400 (184 SE2d 24). Perhaps in due season the Supreme Court may find that it requires something more than an admonishment to the jury to disregard the illegal evidence in order to meet the commands of the Code section. If and

when it does, we shall be happy to follow.

■ On the matter of damages for her automobile, plaintiff Dunham testified that she had purchased it some two months prior to the date of the collision, had paid $3,400 for it and that it was in good condition up to the time of the collision, that its market value immediately before the collision had been $3,400, or depreciating it for the two months she had owned it, $3,100. (There was proof by another witness of its value after the collision). The owner is competent to testify as to value. *National Ben Franklin Fire Ins. Co. v. Darby,* 48 Ga. App. 394 (3) (172 SE 819).

Objection was made to her testimony on the ground that no sufficient basis had been given by the witness to enable her to express an opinion as to the market value of the car. While the basis may be somewhat "skimpy" it was sufficient for submission to the jury on this factual issue, the jury not being bound by her testimony. *Hay v. Carter,* 91 Ga. App. 540 (1) (86 SE2d 532); *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123 (4) (173 SE2d 120).

*Judgments affirmed. Hall, P. J. and Pannell, J., concur. Whitman, J., not participating.*