## 47593. WILSON v. NORTHSIDE PLUMBING COMPANY, INC.

EVANS, Judge. Northside Plumbing Co., Inc. brought an action on account against J. H. Wilson and P. H. Thompson jointly and severally for plumbing materials and services furnished for and on behalf of property owner-defendant Wilson at the request of defendant Thompson. A default judgment was entered against Thompson. The plaintiff obtained a verdict and judgment against Wilson, and this court reversed the judgment denying Wilson's motion for new trial. See *Wilson v. Northside Plumbing Co.,* 124 Ga. App. 390 (184 SE2d 40). Upon the second trial of the case, the plaintiff again obtained a verdict and judgment. The defendant appeals from the denial of his motion for a new trial. *Held:*

1. There was evidence that the defendant had issued a check to the plaintiff in part payment of a portion of the work completed by the plaintiff, and that he had obtained a construction loan on the house here involved. The finding—that Thompson obtained the services for and on behalf of defendant Wilson as his agent or job supervisor — which was made by two separate juries and approved by the trial judge, was authorized by some evidence. Therefore, the trial judge did not err in overruling the general grounds of the motion for a new trial.

2. The main issue in the case, as correctly charged by the trial judge, was Thompson's agency; and it was not error to refuse to give a requested charge to the effect that the agency could not be proved merely by the declarations of the purported agent, where there was evidence of agency other than such declarations, as set forth in Division 1 hereinabove. Furthermore, the defendant's counsel made no objections and requested no additional instructions when the trial judge specifically allowed and requested him to do so.

3. But the lower court erred in denying defendant's motion for mistrial based upon the prejudicial argument of plaintiff's counsel. During argument plaintiff's counsel made the following statement: "At the last trial we obtained a judgment . . ." Defendant's counsel promptly moved for a mistrial because of such improper argument, and the trial judge did not, *in the presence of the jury,* take any corrective action. The judge did send the jury out, *and in the absence of the jury,* reprimanded counsel for his offensive language and overruled the motion for mistrial, and then had the jury brought back. The judge did not promptly call to the jury's attention the improper argument with cautionary instructions to disregard same; nor was any action ever taken to let the jury know that the trial judge disapproved of such

argument, and that counsel for plaintiff committed an impropriety in making such argument. No apology was made by counsel for such language *in the presence of the jury.*

After counsel for each party had completed argument to the jury, the court charged the jury, and then, at the end of the charges, and as an afterthought, instructed the jury: "Now, there is one other thing that I forgot, you heard some words here about *a previous trial* of this case. I charge you that what has gone on before in connection with this case is of no concern whatever to you, and you are to give no consideration whatever to it. You couldn't help it, I couldn't help it, and it has no relation whatever to this case. Your verdict is to be based entirely *on what you have heard* and what you have seen, and what you have been instructed here today. You may retire." (Emphasis supplied.)

It appears that the trial judge carefully refrained from directing any criticism, rebuke, or reprimand toward offending counsel in the presence of the jury, nor did he act with *promptness* in even mentioning the matter to the jury.

After completing his charge, the very vague, ambiguous, and general statement to the jury, as an afterthought, and which he told the jury he almost forgot, did not even advise the jury as to the name of the person who uttered the "words about a previous trial" and the jury had to use its own devices in order to determine whether some witness, or one of the attorneys, was referred to by the judge, or even some statement injected by the judge himself. The transcript shows that there were words heard by the jury about a previous trial that came from the witness Thompson, a codefendant, and that the court also in the presence of the jury spoke of a previous trial. Thus, with testimony by a witness and with words injected by the court about a previous trial it cannot be successfully

argued that the trial judge sufficiently stated with the required specificity as to what words he referred to and by whom they were uttered. Therefore, the court's instructions were contradictory and confusing in that the jury was told therein to base its verdict "on what you have heard," a part of which was the improper language used by the plaintiff's counsel in boasting of having obtained a judgment at the last trial.

In order to avoid a mistrial the court must promptly instruct the jury to disregard the alleged improper remarks and rebuke the attorney making them. Code § 81-1009; *McCoy v. Scarborough,* 73 Ga. App. 519, 520 (37 SE2d 221); *Ga. Life Ins. Co. v. Hanvey,* 143 Ga. 786 (3) (85 SE 1036). This error requires the grant of a new trial.

*Judgment reversed. Bell, C. J., Pannell, Deen, Quillian and Clark, JJ., concur. Hall, P. J., Eberhardt, P. J., and Stolz, J., dissent.*

ARGUED OCTOBER 2, 1972 — DECIDED MARCH 13, 1973 — REHEARING DENIED MARCH 30, 1973 — ■

*Sam G. Dettelbach,* for appellant.

*Richardson, Chenggis & Constantinides, Robert P. Mallis,* for appellee.

STOLZ, Judge, dissenting. I concur with Divisions 1 and 2 of the majority opinion, but dissent as to Division 3.

"[T]he argument of counsel for the plaintiff went beyond the bounds of proper and legitimate argument, but in ruling on such matters the trial judge is vested with a broad discretion and his ruling will not be disturbed unless it appears that his discretion was manifestly abused." *McCluskey v. American Oil Co.,* 225 Ga. 63, 64 (165 SE2d 830) and cit. "In this type case, the available actions by the court are the granting of the following forms of relief: (1) an instruction or admonition

to the jury to disregard the improper argument; *or,* if this is deemed inadequate *to* remove the harmful effect, (2) instruction or admonition of the jury plus a reprimand or rebuke of offending counsel; *or,* as a last resort, (3) mistrial." (Emphasis supplied.) *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363, 365 (180 SE2d 743).

When counsel made the improper remark, the judge immediately sent the jury to the jury room and reprimanded counsel. It must be noted that Code § 81-1009 does *not* provide that the rebuke must be made in the presence of the jury. Further, in *Spell v. State,* 225 Ga. 705, 709 (171 SE2d 285), the Supreme Court, in passing on a similar situation, held: "Conceding, but not deciding, that the remarks of the solicitor general in the present case were improper, we are of the opinion that the court's instruction to the jury amounted in effect to a rebuke of the solicitor general and was sufficient to eliminate such remarks from the consideration of the jury." See also *Wells v. State,* 194 Ga. 70, 75 (20 SE2d 580). *Spell* was a murder case. This is a civil case for money damages. In *Spell,* Justice Felton in his dissent urged that rebuke of counsel is a separate requirement of Code § 81-1009. This position was rejected by the other six justices of the Supreme Court and we are bound by their decision.

Reversing the trial judges for exercising their discretion in conducting their trials, where the slightest slip of the tongue or variation from the norm is involved, only serves to increase the cost of litigation, tie up the courts, and unduly delay the administration of justice.

The trial judge did not abuse his discretion in denying the motion for mistrial.

I am authorized to state that Presiding Judges Hall and Eberhardt concur in this dissent.

HALL, Presiding Judge, dissenting. I join Judge Stolz in his dissent for the sole reason that "decisions of the Supreme Court shall bind the Court of Appeals as

precedents." Code Ann. § 2-3708. I think these decisions are wrong. I concur with the view taken by Justice Felton's dissent in *Spell v. State,* 225 Ga. 705, 711 (171 SE2d 285).

EBERHARDT, Presiding Judge, dissenting. I must join Judge Stolz in his dissent. My views on this matter are clearly stated in *Corvair Furn. Mfg. Co. v. Bull,* 125 Ga. App. 141,148 (186 SE2d 559). But I view the cases of the Supreme Court as settling the issue as stated by Judge Stolz, and it is my position that we are bound, under the provisions of Art. VI, Sec. II, Par. VIII (Code Ann. § 2-3708) of the Constitution of Georgia to follow the precedents established by decisions of the Supreme Court of Georgia, just as Judge Evans stated in his concurrence to *Gore v. State,* 124 Ga. App. 398, 399 (184 SE2d 24).