## 65162. WRIGHT v. THE STATE.

SHULMAN, Chief Judge.

Appellant was indicted for and convicted of forgery. Code Ann. § 26-1701 (OCGA § 16-9-1). He now appeals from that conviction, alleging several enumerations of error.

1. Appellant first protests the state's use of the theory of parties to a crime (Code Ann. § 26-801 (OCGA § 16-2-20)) to convict appellant of forgery when the indictment did not charge him with being a party to the crime.

A person need not be indicted under § 26-801 before the state may prove his culpability for a crime as a party to that crime. *Hughes v. State,* 150 Ga. App. 90 (256 SE2d 634). While it may be better practice to charge conspiracy or parties to a crime in the indictment, the absence of such does not render the indictment fatally defective. Contrary to appellant's assertion, the crime was described with sufficient specificity to apprise both appellant and the jury of the charge against him. *Brooks v. State,* 141 Ga. App. 725 (1) (234 SE2d 541).

2. In his opening statement, the assistant district attorney espoused his theory of the case, that appellant was a party to the crime. Appellant now takes issue with the denial of the motion for mistrial he made at the close of the state's opening statement. While we note that appellant failed to interpose an objection at the time the offending remarks were made, we choose to affirm the trial court's

decision on the ground that the content of the state's opening statement was proper under the rule that counsel for the state, prior to the introduction of evidence, may state to the jury what is expected to be proved at trial. *Sterling v. State,* 89 Ga. 807 (1) (15 SE 743).

3. Appellant also objects to the trial court's admission of evidence of other crimes purportedly committed by appellant.

"When one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, *unless there is some logical connection between the two,* from which it can be said that proof of the one tends to establish the other." *Bacon v. State,* 209 Ga. 261, 263 (71 SE2d 615). "Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Rakestraw v. State,* 155 Ga. App. 563 (271 SE2d 696).

The evidence to which appellant objected tended to show that, over a two-day span, appellant, appearing to be Joe Berman, had accompanied a woman (his co-indictee) who was posing as Arline Berman to several Unclaimed Freight showrooms in the metropolitan Atlanta area where furniture was purchased with a check written on the Berman account. In view of the similarities between the crime charged and the independent crimes, evidence of the latter was admissible to show common motive, plan or scheme. *High v. State,* 153 Ga. App. 729 (2A) (266 SE2d 364).

4. Nor was the trial court's jury instruction on the evidence of other crimes erroneous. Appellant's requested charge on the subject was followed by an explanation that the evidence of similar crimes was to be considered only for the purposes of establishing knowledge, motive, intent, identity, or a conspiracy. The charge was within the parameters of *Bacon v. State,* supra.

5. Appellant protests the denial of his motion to dismiss the indictment, which motion was based on an allegation of improper grand jury composition. " 'A challenge to the array of grand jurors is waived unless timely filed . . . "In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. [Cits.]" ' " *Sullivan v. State,* 246 Ga. 426 (271 SE2d 823). Appellant's motion was untimely since it was filed two months after the return of the indictment, and he has failed to make the requisite showing of lack of

knowledge. We therefore affirm the trial court's denial of the motion to dismiss.

6. Appellant's motion for a directed verdict of acquittal was properly denied. The evidence which linked appellant to the forgery as a party to the crime was sufficient to convict him of forgery. Code Ann. § 26-801.

7. Appellant's motion for new trial, which was based on the enumerations of error addressed in Divisions 1 and 3, was properly denied.

8. Appellant himself filed additional enumerations of error after oral argument was heard. "Enumerations of error may not be amended after the time for filing has expired." *Burke v. State,* 153 Ga. App. 769 (7) (266 SE2d 549). We shall not consider appellant's amendment. *Malone v. State,* 147 Ga. App. 555 (2) (249 SE2d 368); *Gore v. State,* 124 Ga. App. 398 (184 SE2d 24).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 2, 1983 —
REHEARING DENIED MARCH 16, 1983 — 

*Robert L. Barr, Jr.,* for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.

