S91A0582. ATLANTA BIO-MED, INC. v. DeKALB COUNTY
et al.
(408 SE2d 100)

Clarke, Chief Justice.

We granted this application for discretionary appeal from the denial of petitions for an injunction, a writ of mandamus and a declaratory judgment to decide which procedures are required for the passage and rescission of a text amendment to the DeKalb County zoning ordinance. For the reasons that follow, we hold that the zoning procedures set forth in OCGA § 36-66-4 (a) apply to both the passage and rescission of a text amendment; the procedures set forth in OCGA §§ 36-66-4 (b) and 36-67-5 do not apply.

In December 1989, brothers Gary and Danny Brock began investigating the possibility of building a medical waste incinerator in DeKalb County. The county planning department informed them that the county zoning ordinance did not include medical waste incinerators as a permitted use in any district. The Brocks submitted an application for a text amendment to the zoning ordinance that would allow medical waste incinerators in commercial and heavy industrial zoning districts.

The planning department reviewed and researched the application, made certain changes, and recommended a text amendment that would allow medical waste incinerators in heavy industrial zoning districts. After public notice and hearings, the Board of Commissioners voted to approve the text amendment. Soon, however, public pressure mounted against the construction of a medical waste incinerator in DeKalb County. On July 24, 1990, the Board of Commissioners voted to rescind the text amendment.

Prior to the passage of the text amendment, the Brocks and several others formed Atlanta Bio-Med, Inc. for the purpose of constructing and operating a medical waste facility. On August 17, 1990, Bio-Med submitted an application for a permit to develop a medical waste incinerator on its property. The application for a permit was denied because of the rescission of the text amendment.

Bio-Med filed a complaint seeking declaratory judgment that the rescission of the text amendment was void. It also sought injunctive

relief and a writ of mandamus requiring the permit to be granted. The trial court held a hearing and denied all relief on the grounds that the text amendment was never validly enacted and its rescission had no effect. The court reasoned that because the text amendment had the effect of rezoning a property, the zoning procedures set forth in OCGA §§ 36-66-4 (b) and 36-67-5 should have been followed.

1. We hold first that the procedures described in OCGA §§ 36-66-4 (b) and 36-67-5 do not apply to the enactment of a zoning ordinance text amendment that allows a new permitted use.

(a) Under the plain language of the statute, OCGA § 36-66-4 (b) applies only to "the rezoning of property." It requires the local government to publish the location of the property to be rezoned and to post a sign on the property for at least 15 days before the rezoning hearing. These requirements are designed for situations in which the zoning decision will affect a single parcel or a limited number of parcels of property.

By contrast, the text amendment at issue here would have general application. It would not simply affect the use of a single parcel of property, but instead would affect all property in the county zoned for heavy industrial use. After the passage of the amendment, anyone in the county owning property zoned for heavy industrial use could apply for a permit to build a medical waste incinerator. The fact that the Brocks had a specific parcel of property in mind for the development of their medical waste incinerator does not change the character of the zoning decision. We hold that a text amendment having general application is not a "rezoning decision" for purposes of the procedures required under OCGA § 36-66-4 (b).

(b) Similarly, OCGA § 36-67-5 requires analysis of six factors set forth in OCGA § 36-67-3 which demonstrate how the proposed zoning change will affect "adjacent and nearby property." The factors described in OCGA § 36-67-3, like the notice requirements in OCGA § 36-66-4 (b) are parcel specific. The county has cited and we have found no authority requiring the analysis be carried out before making text amendments of general application. We conclude that it would be illogical to apply OCGA § 36-67-5 to the enactment of a text amendment that changes the permitted uses for all properties with a certain zoning classification.

2. Next, we hold that the procedures described in OCGA § 36-66-4 (a) must be followed when passing or rescinding a text amendment of general application.

The procedures that must be followed by a "local government taking action resulting in a zoning decision" are found in OCGA § 36-66-4 (a). There is no dispute in this case the county followed these procedures when passing the text amendment at issue here, and did not follow these procedures when rescinding the text amendment.

A "zoning decision," as defined in OCGA § 36-66-3 (4) (B), includes "[t]he adoption of an amendment to a zoning ordinance which changes the text of the zoning ordinance." Both passage and rescission of a text amendment change the text of the zoning ordinance. Both actions fit squarely within the statutory definition of a "zoning decision." Because the county did not follow the required procedures for the rescission of the text amendment, the rescission was not validly accomplished.

3. The trial court did not reach the issue of whether Bio-Med acquired a vested interest in the zoning classification and whether the equities weigh in favor of issuance of an injunction. We therefore remand this action to the trial court for it to find the facts and weigh the equities on the remaining issues.

*Judgment vacated and remanded. All the Justices concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATIONS DENIED OCTOBER 3, 1991 AND OCTOBER 7, 1991.

*Schreeder, Wheeler & Flint, David Flint, Susan H. Sarch,* for appellant.

*Albert Sidney Johnson, Susan Cole Mullis,* for appellees.