BOND, administrator, *v.* REID *et al.*

1. A proceeding which, properly construed, is for the purpose of establishing a copy of a lost record of a will previously probated and admitted to record, and not to probate a copy of a lost or destroyed will, does not fall within the cases of which the Supreme Court has jurisdiction on writ of error.
2. An averment that the plaintiff owns title to a specified interest in certain land, under the will the record of which is alleged to be lost, is properly construed as showing merely his right to maintain the proceeding, and does not make the case one involving title to land.
3. Jurisdiction of the writ of error is in the Court of Appeals.

No. 2560.    JANUARY 10, 1922.

Writ of error; from Twiggs superior court.

*Charles Akerman* and *Jordan & Moore,* for plaintiff.

*John R. L. Smith, Grady C. Harris,* and *S. A. Crump,* for defendants.

HILL, J.    J. T. Bond filed a petition in the court of ordinary of Twiggs County, alleging in substance, that petitioner is the owner of lot of land No. 138 in the 28th district of said county, having purchased a two-thirds interest in said lot from Mrs. Lora Johnson and Mrs. Roxie Stapleton, daughters and devisees under the will of Heywood Phillips, late of said county, deceased; that after the death of Heywood Phillips his will " was duly probated and recorded on record of wills in the ordinary's office in said county;" that in 1901, after the will was so probated and recorded, both the original will of file in the office of the ordinary, and the record thereof, were destroyed by fire; that a paper purporting to be a true copy of the said will of Heywood Phillips was entered upon the records in the office of the ordinary of said county in 1903, but said paper is not a true copy of the will of testator; and that a true copy of the will of Heywood Phillips is exhibited to the court

ly the petitioner. The heirs at law of Heywood Phillips are made parties to the proceeding; and the prayers are, that a copy of the will exhibited by petitioner "be established by proper order and judgment of this court as a true and correct copy of the said will of the said Heywood Phillips, and that the same stand in lieu of the original will destroyed by fire as aforesaid, and that the same be entered of record as the true and last will of the said Heywood Phillips," and that the false and incorrect copy of the will of Heywood Phillips entered of record in the office of the court of ordinary in 1903 be "expunged from the record . . and be adjudged to be of no effect." The respondents in answer to the petition denied plaintiff's title to the lot of land, denied that Heywood Phillips devised a two-thirds interest in the land to Mrs. Lora Johnson and Mrs. Roxie Stapleton; denied that the record of the will made in 1903 was false, and denied that the paper attached to the plaintiff's petition, purporting to be a true and correct copy of the will of Heywood Phillips, was a true and correct copy of said will. Respondents attached to their answer an alleged copy of the will of Heywood Phillips, and alleged that the original of said copy was "duly probated in solemn form pursuant to probate proceedings" in the court of ordinary of Twiggs County, and "thereafter duly recorded, and that the record of the same has since been destroyed." The respondents prayed that the prayers of the applicants be refused; and that if it should be held that the record of the will of Heywood Phillips made in 1903 is not a true and lawful record of the will, then the paper attached to the response be entered of record as the true last will and testament of the said Heywood Phillips. By consent of the parties the case was appealed to the superior court, and upon the trial of the case in that court a verdict was directed for the respondents; and the applicant excepted.

1. The Supreme Court has jurisdiction "in all cases which involve the validity of, and the construction of wills." Art. 6, sec. 2, par. 5, of the constitution of the State of Georgia (Acts 1916, p. 19). Properly construed, the proceeding is not one to probate a copy of a lost or destroyed will under the Civil Code (1910), § 3863, but is one to establish a copy of a lost record of a will theretofore duly probated and admitted to record. Civil Code (1910), § 5811; *Nixon v. Lehman,* 137 *Ga.* 516 (73 S. E.

747). The proceeding does not fall within the class of cases of which the Supreme Court has jurisdiction. *Drawdy* v. *Musselwhite*, 150 *Ga.* 723 (105 S. E. 298). *Wood* v. *Achey*, 147 *Ga.* 571 (94 S. E. 1021), and *Smith* v. *Smith*, 151 *Ga.* 150 (106 S. E. 95), were proceedings for the probate of lost or destroyed wills under the Civil Code (1910), § 3863, and involved the validity of the wills sought to be probated.

2. The case is not one respecting titles to land, of which the Supreme Court has jurisdiction under art. 2, sec. 6, par. 5, of the constitution of the State of Georgia (Acts 1916, p. 19). The averment in the petition that the plaintiff owns title to certain land should be construed merely as showing petitioner's right to maintain the proceedings to establish the record of the will under which he claims title to a two-thirds interest in the land.

3. The Court of Appeals and not the Supreme Court, has jurisdiction; and the case is accordingly ordered.

*Transferred to the Court of Appeals. All the Justices concur.*