LOFTIN *v.* CARROLL COUNTY BOARD OF EDUCATION.

BELL, Presiding Justice. 1. Where a petition in a superior court to establish a copy of a deed claimed to have been lost alleged only that the debtor resided in the county in which the suit was filed, that he had executed to the plaintiff a certain deed, a true copy of which was attached to the petition, and that the deed had been lost, and in which petition the only prayer was that "the clerk of this court issue a rule nisi calling upon [the defendant] to show cause, if any he has, why the copy deed aforesaid should not be established in lieu of said lost original," such petition was a mere statutory proceeding to establish a copy of the deed claimed to have been lost, and was not a suit in equity. Code, §§ 29-113, 63-203; *Drawdy* v. *Musselwhite*, 150 *Ga.* 723 (105 S. E. 298); *Bond* v. *Reid*, 152 *Ga.* 481 (110 S. E. 281). Compare *Farkas* v. *Stephens*, 181 *Ga.* 669 (183 S. E. 796); *Trust Company of Georgia* v. *Finsterwald*, 188 *Ga.* 794 (4 S. E. 2d, 808, 125 A. L. R. 992).
2. The proceeding was not converted into an equity case by the answer of the defendant, asserting only that the deed executed by him contained a provision whereby title would revert to him on a certain condition stated, and not invoking any equitable relief; nor did it constitute a suit respecting title to land. *Drawdy* v. *Musselwhite*, supra.
3. Where in such case the jury found in favor of the plaintiff's contention as to the character of the deed, and upon such verdict the judge entered a decree that the plaintiff recover the land described, that fee-simple title be vested in it, and that the deed attached to the petition be established as prayed, the only effect of the decree was to establish the deed as prayed by the plaintiff; the provisions therein as to recovery of land and decree of title being surplusage. Accordingly, the form of the judgment did not make the case one in equity or one respecting title to land. Nor does the case otherwise come within the jurisdiction of the Supreme Court.
4. Under the foregoing rulings, the Court of Appeals, and not the Su-

690

preme Court, has jurisdiction of the writ of error, and it is transferred accordingly. Code, §§ 2-3005, 2-3009.

*Transferred to Court of Appeals. All the Justices concur.*

No. 14510. APRIL 13, 1943.

*Leon Hood,* for plaintiff in error.
*Willis Smith* and *Robert D. Tisinger,* contra.