22050. FRIEDMAN et al. v. GOODMAN et al.

Argued May 14, 1963—Decided July 3, 1963.

*Thurmond, Hester, Jolles & McElmurray*, for plaintiffs in error.
*Congdon & Holley, Lester & Lester*, contra.

GRICE, Justice. The assignments of error here arose from the plaintiffs' action for rent under a commercial lease and the defendants' defense of constructive eviction and cross action for specific performance and reformation.

The suit was filed in the Superior Court of Richmond County by Mrs. Jane R. Goodman and others, owners of a store building in the City of Augusta, against A. A. Friedman and H. E. Friedman, trading as A. A. Friedman Company, lessees of the building. In the interest of clarity reference will hereinafter be made to the parties in the positions which they occupied in the trial court.

The petition alleged in essence the following: that the term of the lease was for a period of ten years, beginning on October 1, 1960; that it became necessary for the plaintiffs to make certain repairs to meet conditions of occupancy; that these repairs deferred the defendants' entry into possession until January 12, 1961; that on this date the city building inspector gave an unrestricted permit of occupancy and the defendants were given the keys to the building; that notwithstanding these facts the defendants failed and refused to pay the rent for January, 1961; that, after notice to the defendants and attempts to sublet the premises in accordance with the lease, plaintiffs sought to recover the first year's rental and such additional rent as might accrue on the lease, less any credits for subletting.

The defendants responded by an answer and cross action. In defense of the rent claim they alleged constructive eviction in that the building was untenantable. By their cross action they sought specific performance of a lease provision that the owners would make all structural repairs to the building and reformation of the lease so as to provide that the term commence from the date they actually received possession of the premises.

The plaintiffs moved to strike and dismiss the defendants' cross action. To that motion the defendants filed their motion to strike and dismiss, which the trial court denied.

Thereupon, the plaintiffs amended their petition. The defendants filed demurrers to the petition as amended and also to

specific paragraphs of the amendment itself. The trial court overruled those demurrers.

While the trial was in progress the defendants sought to amend their answer and cross action, but the trial court disallowed that amendment.

Later in the trial the court granted the plaintiffs' motion for nonsuit of the defendants' cross action.

At the conclusion of the evidence the plaintiffs moved for a directed verdict in their favor, which was granted.

Subsequently, the defendants moved for a new trial, upon the general grounds and several special grounds, which motion was denied.

Error is assigned upon each of the rulings referred to.

■ Beginning with the defendants' contention that the trial court erred in denying their motion to strike and dismiss the plaintiffs' motion to strike and dismiss defendants' cross action, we find that no reversible error was committed. After denying the defendants' motion the trial court also denied the plaintiffs' motion to strike the defendants' cross action. This was a victory for the defendants on that issue. Therefore, any error in the previous ruling on the defendants' motion to strike and dismiss was harmless to them. Under repeated decisions of this court harmless error is not cause for reversal.

■ We turn now to the assignment of error on the overruling of the defendants' demurrer to the petition as amended and their demurrers to the individual paragraphs of such amendment.

Paragraphs 1, 2, 3, 4 and 6 are not subject to the attack that their allegations of facts taking place prior to the execution of the lease are irrelevant, immaterial and incompetent because the original petition alleges that after the execution of the lease the city building inspector restricted the occupancy of the building and the plaintiffs then made certain repairs. The plaintiffs' allegations that one of the defendants and their engineer inspected the premises and were thoroughly familiar with its condition before the lease was executed are germane to their contention that they made all repairs requested of them.

Paragraphs 3 and 4 are not objectionable on the ground that their allegations that the defendants were familiar with the con-

struction and condition of the premises are conclusions, unsupported by facts. Careful inspection of the building by one of the defendants and their engineer was also alleged and this is a sufficient basis for the allegation of familiarity with the building.

Paragraph 3 is not open to criticism on the ground that it does not allege how or in what manner the building could be thoroughly inspected while it was occupied by Walgreen Drug Company. It was not necessary to allege the method of inspection.

Paragraph 5 is not subject to the attack that its allegations as to suggestions for numerous changes in the proposed lease by the defendants' attorney are immaterial, incompetent and irrelevant because such suggestions were incorporated in the lease and also because the making of such suggestions was not pleaded as inducement for the execution of the lease. These allegations, as we appraise them, were germane to the plaintiffs' contention that prior to the lease the defendants knew the condition of the premises and that the plaintiffs had made all repairs which were requested out of this knowledge.

Paragraph 6 was not demurrable on the ground that its allegations that the defendants did not, prior to the execution of the lease, object to the structural soundness or condition of the building are mere conclusions since it is not alleged that prior to the lease the building inspector had placed any restrictions on its occupancy. The allegations complained of are statements of fact and the presence or absence of allegations as to other events do not make them conclusions.

Nor is paragraph 6 objectionable on the ground that its allegations as to the failure of the defendants to request the plaintiffs to incorporate in the lease any provisions requiring them to remedy defects now claimed to exist or to spend money on repairs of the building are repugnant to paragraph 36 of the lease, which provides that the plaintiffs shall be responsible for repairs to all structural components, and also to plaintiffs' allegations relative to having spent money to remove the objections of the building inspector for occupancy of the building. It is not apparent that the repairs mentioned in the allegations complained of are the same as those contemplated by paragraph 36 of the lease or those plaintiffs allege they have already made.

Paragraph 7 is not subject to the attack that it is immaterial, irrelevant and incompetent because it does not state how or in what manner negotiations between the defendants and Walgreen Drug Company with reference to the latter subletting the building from the defendants are relevant to the issues here since no subletting resulted and also because the lease agreement under which Walgreen occupied the building is not alleged. The plaintiffs allege that they show the negotiations between the defendants and Walgreen as a fact substantiating their statement that "the defendants, after execution of the lease, took possession of the building under and pursuant to the lease . . ." This allegation states the relevancy of the negotiations to the issues here. It was not necessary to set forth the lease agreeement under which Walgreen then occupied the building as that had no bearing on negotiations as to future occupancy.

Accordingly, the demurrers to specific paragraphs of the plaintiffs' amendment were properly overruled.

The petition, as thus amended, alleged a cause of action for the rent due under the lease and it was not subject to general demurrer.

■ The trial court's disallowance of the defendants' amendment to their answer and cross action presents the questions (1) whether the attached ordinances were incomplete since no copy of the entire Southern Standard Building Code, which they purported to adopt, was attached or set out in the amendment, and (2) whether such building code was validly adopted since the ordinances showed that it did not appear on the minutes of the City Council of Augusta.

The defendants, during the introduction of their evidence, offered to add to their answer and cross action an amendment as follows: "That pursuant to ordinances # 2609, # 2724 and 3047 of City Council of Augusta, the Southern Standard Building Code is an ordinance of the City of Augusta and that the building . . . [involved here] is subject to the requirements of said Southern Standard Building Code and that said code provides in part as follows . . ." Then were set out two of the code provisions, towit, § 105.1(a), which requires that "Any owner . . . who desires to . . . change the occupancy of a

building . . . shall first make application to the Building Inspector and obtain the required permit therefor"; and § 105.6(b), which recites that "The building officer may accept a sworn affidavit from a registered architect or engineer stating that the plans submitted conform to the laws as to egress, type of construction and general arrangement and if accompanied by drawings showing the structural design, and by a statement that the plans and designs conform to the requirements of this code . . . he may without any examination or inspection accept such affidavit . . ." Next, were allegations that "A copy of ordinances 2609, 2724 and 3047 is attached as Exhibits A, B and C and incorporated herein."

Copies of the three ordinances referred to, certified by the clerk of council, were attached to the amendment. Number 2609, adopted in 1955, recited that it "adopted for the purpose of establishing rules and regulations for the construction, alteration . . . use and occupancy . . . that certain building code known as the Southern Standard Building Code, being particularly the 1953-54 revision thereof, of which not less than three (3) copies have been and now are filed in the office of the Clerk of the City Council of Augusta and the same are hereby adopted and incorporated as fully as if set out at length herein . . . and . . . the provisions thereof shall be controlling . . ." Ordinance number 2724, adopted in 1956, amended number 2609, supra, so as to delete from the building code a section relating to license and bond required of contractors. Ordinance number 3047, adopted in 1960, amended the other two so as to substitute the 1960-61 revision of the Southern Standard Building Code.

Objection to the allowance of such amendment was on the ground that no copy of such building code was attached to the amendment, and that "it negatives the idea" that the building code appears on the minutes of the City Council of Augusta.

The disallowance of this amendment was, in our view, erroneous.

(a) The portion of the objection which complained of incompleteness of the amendment in that the entire building code was not attached was not meritorious.

The basic issue upon the trial was the condition of the building.

158

The plaintiffs, by their petition and supporting evidence, contended that the premises were tenantable, suitable for immediate occupancy and that, therefore, they were entitled to the rent due under the lease. To sustain that contention the plaintiffs relied upon the issuance, by the building inspector of the City of Augusta on January 12, 1961, of a permit authorizing unrestricted occupancy of the building.

On the other hand, the defendants, by their answer and cross action and supporting evidence, asserted that the premises were untenantable and unsuitable for occupancy, that they were dangerous and defective to the extent that the defendants had been unable to take possession and that, therefore, no rent was due. In support of their contention the defendants, among other things, sought to minimize the significance of the issuance of such permit of occupancy. Their position was predicated upon paragraph 33 of their answer and cross action, which recited that under such code the building inspector "has no discretion but to issue a certificate of occupancy whenever an Engineer or Architect submits his affidavit to the effect that certain building changes have been completed in conformity with the said Southern Standard Building Code."

Thus is manifest the germaneness of the two provisions of the building code which the defendants' proposed amendment set out, to wit, § 105.1(a), showing the requirement for issuance of a permit of occupancy by the building inspector, and § 105.6(b), authorizing him to accept the affidavit of an architect or engineer in lieu of his own examination or inspection. With these two sections pleaded the defendants effectively laid the foundation for introducing those sections of the building code into evidence in support of their contention that the issuance of the permit of occupancy was not conclusive as to the condition of the building.

That the defendants did not elect to incorporate in their amendment provisions of the building code in support of other contentions, such as those relating to structural requirements, affords no basis for disallowing the pleading of the two sections they did set out. Although it may have been beneficial to the defendants to plead such other provisions, their omission does not prevent the allowance of those they did plead. In the situa-

tion here, attaching to or incorporating in the petition the entire building code would have been entirely useless and would only have cluttered the record.

This was not·a situation where the pleading relied upon a municipal ordinance but failed to plead it at all or one where the ordinance which was pleaded referred to another which was not pleaded. Thus, no incompleteness is here apparent upon the face of the pleading, as it was in such cases as *Irwin v. Torbert,* 204 Ga. 111 (2) (49 SE2d 70); *Geele v. Bates,* 77 Ga. App. 396 (3c) (49 SE2d 85), and others cited by the plaintiffs.

(b) Nòr was there merit in the portion of the objection which asserted that the proposed amendment showed that the building code did not appear on the minutes of the city council. Under the facts here, that omission does not invalidate the ordinance.

Neither the charter of the City of Augusta nor any other statute makes the spreading of ordinances on the minutes of the City Council of Augusta a requisite to their validity.

If this portion of the objection is also directed to the fact that the adopting ordinance did not set out the building code, but incorporated it by reference, the objection is still not meritorious. In the absence of statutory or charter provision to the contrary, adoption of documents in municipal ordinances by incorporation by reference is valid where the document adopted is sufficiently identified and is made a part of public record. See City of Milwaukee v. Krupnik, 201 Wis. 1 (229 NW 43) (1930); Banks v. Civil Service Commission of City and County of San Francisco, 10 Cal. 2d 435 (74 P2d 741) (1937); City of Hazard v. Collins, 304 Ky. 379 (200 SW2d 933) (1947); City of Newburyport v. Thurlow, 324 Mass. 40 (84 NE2d 450) (1949); Mullin v. Ringle, 27 N.J. 250 (142 A2d 216) (1958); Incorporated Village of Island Park v. J. E. B. Associates, Inc., 21 Misc. 2d 249 (190 NYS2d 77) (1959).

Here, ordinance number 2609, which originally adopted the building code, identified the document being adopted as ". . . that certain building code known as the Southern Standard Building Code, being particularly the 1953-54 revision thereof," and stated its purpose as ". . . establishing rules and regulations for the·construction, alteration, removal, demolition, equip-

ment, use and occupancy, location and maintenance of buildings and structures, including permits and penalties." Furthermore, it recited that at least three copies of such code were filed in the office of the clerk of the city council and that ". . . the same are hereby adopted and incorporated as fully as if set out at length herein . . ." Thus, the document being adopted is identified so that there is no uncertainty as to what was adopted. According to the adopting ordinance this building code has been made a public record, accessible to members of the public who are, or may be, affected by it, and the adopting ordinance gives notice of this accessibility.

This situation is distinguishable from that in such cases as *Western & Atlantic R. v. Peterson*, 168 Ga. 259 (147 SE 513) (the ordinance identified the material being adopted only as "new ordinances compiled by Attorney Fred Morris" and gave no indication where it was filed or that it was made a public record), and *City of Waycross v. Boatright*, 104 Ga. App. 685 (122 SE2d 475) (the existence of a map referred to and incorporated in a zoning ordinance was shown only by parol evidence).

A different result is not required by the failure of the defendants to verify this amendment to their answer and cross action. *Code* § 81-1310 is not applicable here. Sufficient notice was given by paragraph 33 of the defendants' original answer as to the existence and consequences of the provisions of the Southern Standard Building Code which were subsequently set forth in this amendment. The amendment merely amplified the original allegations, and thus was not objectionable upon the ground urged. *Conant v. Jones*, 120 Ga. 568 (48 SE 234); *Burnett v. Davis & Co.*, 124 Ga. 541 (52 SE 927); Leverett and Hall & Christopher, Georgia Procedure and Practice, p. 267, § 11-8.

The erroneous disallowance of this amendment to the pleadings rendered all subsequent proceedings nugatory. Therefore, it is not necessary to consider the other assignments of error.

*Judgment affirmed in part; reversed in part. All the Justices concur.*