40520.   CITY COUNCIL OF AUGUSTA v. IRVIN.

DECIDED APRIL 23, 1964.

*Fulcher, Fulcher, Hagler & Harper, Samuel C. Waller, Cumming, Nixon, Eve, Waller & Capers,* for plaintiff in error.

*Claud R. Caldwell,* contra.

BELL, Presiding Judge. ■ "The method of procedure prescribed in the passage of an ordinance or resolution by county or municipal authorities, to whom authority to legislate has been delegated by statute or charter, must be strictly followed. Unless the ordinance or resolution is adopted in compliance with the conditions and directions given, it will have no force." *Toomey v. Norwood Realty Co.,* 211 Ga. 814, 816 (89 SE2d 265) ; *Mayor &c. of Waynesboro v. McDowell,* 213 Ga. 407, 409 (99 SE2d 92).

The General Assembly in Ga. L. 1957, pp. 420-443 (*Code Ann. Ch.* 69-12), empowered the municipalities and counties, jointly or severally, to regulate through zoning ordinances or resolutions various enumerated uses of realty. The Act outlined in detail the method of procedure to be followed by the local governmental units in exercising the power granted. *Code Ann.* § 69-1208 prescribes the method of procedure to be used in the final stages of the adoption of the zoning ordinance, while *Code Ann.* § 69-1210 directs the procedure to be pursued in amending the ordinance after adoption. Each of these statutory provisions refers repeatedly to the "Zoning ordinance . . . including the maps." Invariably throughout the statute the words "ordinance" and "maps" are used in the conjunctive sense. Thus there is clearly displayed the legislative intent that the maps be correlated to the text of the ordinance and that they constitute an *indispensable part* of the ordinance. Under the principle stated by the Supreme Court in the *Toomey* case, it is essential in order to enact the maps as a valid part of the ordinance that they be formally adopted and be treated in each step of the legislative process with *all* of the solemnity required for the text.

Here the trial judge found as facts from the evidence before him that a purported official zoning map had not been within the council chamber at the time of the joint meeting of the City Council of Augusta and the Board of Commissioners of Roads and Revenue of Richmond County when the text of the ordinance of the zoning plan had been adopted, and that the map had not been considered or adopted by the council and board since that time. He found further that the text of the zoning ordinance in evidence showed that no zoning map covering the realty in question was attached to or made a part of the ordinance at the time of its adoption. The evidence amply authorized these determinations of fact.

From these findings of fact the court correctly concluded as a matter of law that the zoning map had never been considered or adopted by the joint action of the council and board, and that this deficiency is fatal to the ordinance and renders it void.

■ Counsel for the city insists that there is nothing in the record which refutes an official certificate signed jointly by the

Mayor of Augusta and the Chairman of the Board of Commissioners of Richmond County, and by the respective clerks of the governmental subdivisions which reads as follows: "This is to certify that this is the Map of the Comprehensive Zoning Ordinance and Resolution for the City of Augusta and Richmond County, Georgia, comprising Parts I, II, and III as the same was adopted by the City Council of Augusta and Board of Commissioners of Roads and Revenues of Richmond County, Georgia, in joint meeting October 17, 1960, pursuant to the provisions of an Act of the General Assembly of Georgia, Georgia Acts 1957, pages 420-443 as amended, Chapter 69-12 of the Code of Georgia as amended."

This certificate is completely meaningless, however, as it refers to "this" map when there is no map whatsoever made a part of the record nor is it indicated in the record that any map, official or not, was finally received in evidence.

■ It is strenuously contended by counsel for the defendant that the map in issue was adopted by reference.

This argument is refuted by the text of the ordinance as we shall see.

In a recent case written for the court by Mr. Justice Benning Grice, our Supreme Court by a full bench decision held that "In the absence of statutory or charter provision to the contrary, adoption of documents in municipal ordinances by incorporation by reference is valid where the document adopted is sufficiently identified and is made a part of public record." *Friedman v. Goodman,* 219 Ga. 152, 159 (132 SE2d 60). The tests to be fulfilled to effectively accomplish "adoption of documents in municipal ordinances by incorporation by reference" as stated by Justice Grice are these: (1) The document must be sufficiently identified "so that there is no uncertainty as to what was adopted." (2) The document must be made a public record. (3) It must be "accessible to members of the public who are, or may be, affected by it." (4) The adopting ordinance must give notice of this accessibility. *Friedman,* p. 160.

The ordinance we are considering meets none of these criteria.

Although there are present in the text of the ordinance in issue some vague references to maps such as "a comprehensive zoning

ordinance consisting of the maps and regulations described herein" and "to adopt a map or maps or any section or sections thereof for zoning purposes for the City of Augusta and unincorporated areas of Richmond County defining the boundaries of said zones or districts" there appears nowhere in the ordinance any reference, identification or description whatsoever of the documentary map in question.

It is clear that no map was adopted by reference by the city council and board of commissioners.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*