## 23304.  FOSKEY v. KIRKLAND.

QUILLIAN, Justice.  This is an action brought by the Building Inspector of Coffee County to enjoin the defendant from operating a junkyard in a zone confined to residential use and in violation of a county zoning resolution.  The case proceeded to trial and at the close of the evidence both parties moved for a directed verdict.  The trial judge directed a verdict in favor of the plaintiff.  A judgment was entered thereon permanently enjoining the defendant from operating the junk yard in violation of the zoning resolution.  The defendant. filed a motion for a judgment notwithstanding the verdict and, in the alternative, for a new trial.  The trial judge overruled the motion for new trial, whereupon the defendant filed a notice of appeal which appealed from the judgment of the trial judge entered in this action on April 5, 1965, and the order of the judge denying the motion for new trial entered on October 8, 1965.

The case was originally taken to the Court of Appeals where the following errors were enumerated: that the court erred in directing a verdict against the defendant; that the court erred in admitting into evidence a zoning ordinance and map; that the court erred in admitting the zoning map; that the court erred in admitting parol evidence by the plaintiff to prove the adoption and passage of the zoning ordinance and map.

Upon transfer of the case to this court, the appellee, plaintiff below, moved to dismiss the appeal on the ground that the appellant is seeking the grant of a new trial, that in order for this court to grant such relief it would be necessary to reverse the judgment of the trial court in overruling the motion for new trial and that the appellant failed to enumerate as error that judgment; hence, this court does not have jurisdiction of the case.  In response to this motion the appellant attempted to add by amendment the following specification of error: "the court erred in denying the appellant a new trial." *Held:*

1. This case was originally docketed in the Court of Appeals on November 9, 1965.  The time for filing the enumeration of errors had already expired before the case was transferred here by order of the Court of Appeals, dated November 29, 1965.  Thus, the attempt to amend the enumeration of errors which was filed here on December 8, 1965, came too late and

was a nullity. We therefore consider the case as made by the original enumeration of errors which was timely filed.

2. The appellee contends the appeal must be dismissed since the enumeration of errors did not contain a specification that the overruling of the appellant's motion for new trial was error. The notice of appeal was taken both to the judgment entered upon the directed jury verdict and to the judgment overruling the motion for new trial. Furthermore, while there was no express specification of error to the overruling of the motion for new trial, the enumeration of errors was inclusive of the grounds of the motion for new trial. In such circumstances, the motion to dismiss must be denied.

3. The controlling question presented on the merits of the case is whether the court erred in admitting a certain map which purportedly was part of the county zoning resolution and contained the various zoned areas covered by the resolution. The resolution included the following reference to a map: "The boundaries of each district are hereby established as shown on a map entitled: 'Zoning Map, Coffee County, Georgia,' adopted_____, 19_____, and certified by the County Clerk of Coffee County. Said map and all explanatory matter thereon accompanies and is hereby made a part of this resolution; it shall be on file in the office of the Building Inspector of Coffee County." The map tendered into evidence was entitled "Zoning Map, Coffee County, Georgia," but was not dated or certified by the county clerk. The appellee attempted to prove the map was the same as that referred to in the resolution by his own oral testimony. The appellant objected both to the map and to the parol evidence offered to authenticate the map on the grounds that the map was not sufficiently identified and that parol evidence to substantiate the same was not admissible.

Under the view we take of this case, the map was inadmissible. While the adoption of documents in ordinances by incorporation by reference is valid where the document adopted is sufficiently identified and made a part of the public record (*Friedman v. Goodman*, 219 Ga. 152, 159 (132 SE2d 160)), here the resolution required the map to be identified by the certificate of the county clerk and no such certificate is attached to the map or appears in the record. It was therefore not apparent from documents or records thereof that the map was identical to the one which was incorporated by reference

into the zoning resolution. Solely by parol evidence was it shown that the map referred to in the zoning resolution and the map tendered as evidence were one and the same. The rule is that the existence of a zoning map can not be proved by parol evidence. *City of Waycross v. Boatright,* 104 Ga. App. 685, 687 (122 SE2d 475). See *Penick v. County of Morgan,* 131 Ga. 385, 392 (62 SE 300); *City Council of Augusta v. Irvin,* 109 Ga. App. 598, 600 (137 SE2d 82). The trial judge erred in admitting the map.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 10, 1966—DECIDED FEBRUARY 10, 1966.

*Arthur C. Farrar, Dewey Hayes,* for appellant.
*J. W. Waldrup, Marshall Ewing, M. L. Preston,* for appellee.