## 36389. CITY OF FLOVILLA v. McELHENEY.

NICHOLS, Justice.

This is a direct appeal by the city from the trial court's order declaring the city's zoning ordinance invalid. This court affirms.

When appellee placed his mobile home on a lot zoned residential, the city brought suit seeking an injunction. The trial court, however, ruled that the city's 1977 zoning ordinance was invalid because it contained many erroneous references to Butts County and to Butts County officials. The city ordinance had been prepared using the Butts County ordinance as a model and these references had been mistakenly left in the ordinance as adopted by the city. In addition, the zoning map which was to be a part of the ordinance was never certified as required by the ordinance. After the court's ruling, the city attempted to correct these errors by readopting the ordinance and by certifying the map. The city filed a motion for reconsideration in the trial court, and after a hearing, the court ruled that it could not apply the "corrected" ordinance against the appellee.

1. The trial court correctly held the 1977 zoning ordinance invalid. As enacted the ordinance required the "Chairman of the Board of Commissioners" to certify the zoning map. There is no such official for the City of Flovilla. If a zoning ordinance requires the map to be certified by a particular individual, the ordinance is void if the map is not certified as required. In this case the ordinance required certification by a non-existent official which in effect precluded certification and resulted in a void ordinance. *Foskey v. Kirkland,* 221 Ga. 773 (147 SE2d 310) (1966). See also *City Council of Augusta v. Irvin,* 109 Ga. App. 598 (137 SE2d 82) (1964). Moreover, parol

evidence cannot be used to establish that the uncertified map is the one referred to in the ordinance. *Waldrop v. Stratton & McLendon, Inc.,* 230 Ga. 709 (198 SE2d 883) (1973); *Foskey,* supra; *City of Waycross v. Boatright,* 104 Ga. App. 685 (122 SE2d 475) (1961).

2. The city argues that certification of the map and making other changes in the 1977 ordinance to remove all of the references to Butts County were only ministerial changes which would not affect the validity of the ordinance itself. In making this argument the city relies on *Gray v. Stephens,* 224 Ga. 736 (164 SE2d 557) (1968), but this case only allowed certification of a map subsequent to adoption of the ordinance because such certification was in full compliance with the ordinance as originally adopted; this was merely a ministerial act. Here there could never be compliance with the ordinance as originally adopted because of its reference to non-existent officials. Furthermore, a ministerial act is an act specifically required by law which does not involve the exercise of discretion by the actor. *Head v. Waldrup,* 193 Ga. 165 (17 SE2d 585) (1941). Attempting to revive a void ordinance by making changes in its content and amending or readopting it is not a ministerial act.

3. In regard to the ordinance as readopted on January 16, 1980, there is no evidence in this record to indicate that the readoption was accomplished pursuant to Code Ann. § 69-1201 et seq. See *Willingham v. White,* 229 Ga. 75 (189 SE2d 442) (1972).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 16, 1980.

*Richard W. Watkins, Jr.,* for appellant.
*Alfred D. Fears,* for appellee.