S02G0228. In re T. M. G.
(570 SE2d 327)

SEARS, Presiding Justice.

This Court granted certiorari to review the Court of Appeals' ruling that appellants are collaterally estopped from seeking to adopt TMG, because appellants "acted and were treated as parties" in appellees' earlier adoption proceeding.[1] This Court, however, has previously held that appellants were not parties to appellees' adoption proceeding. Moreover, the issue to be decided in appellants' current action was neither directly nor implicitly decided in the appellees' previous action. It follows that appellants were not collaterally estopped from pursuing their own adoption proceeding. Therefore, we reverse.

In 1996, when TMG was two months old, he was placed by the Georgia Department of Human Resources ("DHR") in foster care with appellants, the Edmondsons, who are residents of Brooks County, Georgia. TMG has remained with the Edmondsons to the present day. In 1997, appellees the Strohs, an Alabama couple, obtained TMG's mother's surrender of her parental rights in their favor. The Strohs then instituted proceedings in Echols County, Georgia, seeking to adopt TMG. The Strohs also sought to take custody of TMG. DHR, which was at that time in the midst of terminating TMG's mother's parental rights, intervened in the Strohs' action. The Edmondsons filed their own adoption proceeding in Echols County and moved to consolidate it with the Strohs. Both adoption petitions were denied — the Strohs' because they are Alabama residents and the Edmondsons' due to procedural defects. The consolidation motion was then dismissed as moot.

The Strohs appealed and the Edmondsons filed a brief as amicus curiae. The Court of Appeals affirmed in part and reversed in part, and remanded with direction for the trial court to give the Strohs custody of TMG while they pursued adoption proceedings in Alabama.[2] The Edmondsons petitioned for certiorari to this Court, which was initially granted, but was later vacated because the Edmondsons were "not parties to [the Strohs'] case, and never have been."[3]

Meanwhile, the Edmondsons filed a second adoption petition, this one in Brooks County, where they reside. DHR consented to the Edmondsons' adoption petition. On the Strohs' motion, the trial court dismissed the Edmondsons' petition, reasoning that such action was necessary due to the Court of Appeals' decision in *In re Stroh*, supra. The Edmondsons appealed and the Court of Appeals affirmed, hold-

---

[1] *Edmondson v. Gilmore*, 251 Ga. App. 776, 779 (554 SE2d 742) (2001).
[2] *In re Stroh*, 240 Ga. App. 835 (523 SE2d 887) (1999).
[3] *In re Stroh*, 272 Ga. 894 (534 SE2d 790) (2000).

ing that the Edmondsons are collaterally estopped from seeking to adopt TMG.[4] In its opinion, the Court of Appeals reasoned that in the Strohs' adoption proceeding, the Edmondsons "acted and were treated as parties, [and] should be considered as parties for collateral estoppel purposes."[5] The Court of Appeals also held that the Edmondsons could have timely intervened in the Stroh action but did not do so, and are therefore collaterally estopped from pursuing their own adoption action.[6]

The Court of Appeals' ruling contradicts our precedent regarding collateral estoppel. Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies.[7] Collateral estoppel requires identity of the parties and their privies in both actions.[8] However, collateral estoppel does not require precise identity of the claim — so long as an issue was determined in the previous action and there is identity of the parties or their privies, that issue may not be re-litigated, even as part of a different claim.[9] Collateral estoppel not only precludes those issues that actually were litigated and decided in the previous action, it also precludes issues that necessarily had to be decided in order for the previous judgment to have been rendered.[10]

The Court of Appeals erred by concluding that the Strohs' and Edmondsons' actions involved identical parties or their privies. The Court of Appeals' ruling that the Edmondsons were parties to the *Stroh* adoption proceeding is in direct opposition to this Court's statement regarding that proceeding, that the Edmondsons were "not parties to [the Strohs'] case, and never have been."[11] Moreover, the Edmondsons were not in privity with any party to the *Stroh* action. One is in privity with another when they are represented at trial and are "in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right."[12] Under this reasoning, the Edmondsons and DHR

---

[4] *Edmondson*, 251 Ga. App. at 779.

[5] 251 Ga. App. at 779.

[6] Id.

[7] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (463 SE2d 108) (1995); *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757 (439 SE2d 474) (1994); *Sumner v. Sumner*, 186 Ga. 390 (197 SE 833) (1938).

[8] *Waldroup*, 265 Ga. at 866-867.

[9] Id.

[10] *Waldroup*, 265 Ga. at 866-867; *Sumner*, 186 Ga. 390; see *Jim West Housemovers v. Cobb County*, 259 Ga. 314 (380 SE2d 251) (1989); *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601 (385 SE2d 397) (1989); *Roddenberry v. Roddenberry*, 255 Ga. 715, 717 (342 SE2d 464) (1986); *Boozer v. Higdon*, 252 Ga. 276, 278 (313 SE2d 100) (1984).

[11] 272 Ga. at 895.

[12] *Butler v. Turner*, 274 Ga. 566, 568 (555 SE2d 427) (2001).

were not in privity in the *Stroh* matter. The evidence of record indicates that in *Stroh*, DHR (as intervener) sought to fulfill its statutory obligation to ensure that a child in foster care is properly placed for adoption. Conversely, the Edmondsons' objective since the beginning of this entire matter has been to ensure that they adopt TMG. Hence, it cannot be said that in *Stroh*, DHR's interests "represented the same legal right" as that asserted by the Edmondsons.[13]

Moreover, the two actions do not involve common issues. In *Stroh*, the issue at stake was whether the Strohs could adopt TMG or take him to Alabama to seek adoption there. While the Edmondsons opposed the Strohs' adoption proceeding, the issue of whether the Edmondsons could adopt TMG — which is at stake in the present matter — was not decided in the *Stroh* matter. Furthermore, at the conclusion of the Strohs' action, the issue of TMG's adoption was left unresolved. Hence, the question of whether the Edmondsons could legally adopt TMG was not implicitly decided in *Stroh*.

Because the two actions at issue involve neither common parties (or their privies) nor common issues, the Edmondsons are not collaterally estopped from pursuing their adoption action. Accordingly, this matter is remanded to the trial court so that the Edmondsons may proceed on their adoption petition.

*Reversed and remanded. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Galen A. Mirate, Melinda M. Katz*, for appellants.

*Thurbert E. Baker, Attorney General, George M. Saliba, Charles R. Reddick, Gregory A. Voyles*, for appellee.

---

[13] In fact, when the Court of Appeals in *In re Stroh* instructed the trial court to give the Strohs custody of TMG for purposes of taking him to Alabama so that adoption proceedings could be conducted there, DHR (the only other party to that appeal) elected not to petition this Court for certiorari. See *In re Stroh,* 272 Ga. at 894-895. It was then that the Edmondsons, as amicus curiae, sought certiorari to this Court. We think it obvious, then, that in *In re Stroh*, DHR was not in privity with the Edmondsons.