S12A0114. EAST GEORGIA LAND AND DEVELOPMENT COMPANY, LLC v. NEWTON COUNTY.

(723 SE2d 909)

CARLEY, Presiding Justice.

Appellant East Georgia Land and Development Company, LLC (EGL) purchased 427 acres of land in Newton County, Georgia, for the purpose of constructing a landfill. As part of its application for a landfill permit from the Georgia Department of Natural Resources, EGL requested a letter of zoning compliance from the Newton County Board of Commissioners (Board) as required by OCGA § 12-8-24 (g). On August 25, 1997, the Board declined to issue the letter based on its interpretation that a landfill was not a permitted use under the Newton County zoning ordinance enacted on May 21, 1985. EGL appealed that decision to the Newton County Board of Zoning Appeals (BZA), which upheld the decision and denied the appeal. On December 19, 1997, EGL commenced a multi-count suit which included a request for review of the decision of the BZA as well as a request for a writ of mandamus requiring issuance of the zoning compliance letter. EGL contended that it was entitled to the issuance of a letter as a matter of law because the zoning ordinance was not validly enacted. In an April 13, 2000 order that was issued in response to cross-motions for summary judgment, the trial court stated that the threshold issue was whether the zoning ordinance was valid and thus whether mandamus should be granted, and it held that all other claims would be deferred until the determination of the threshold issue.

EGL attacked the validity of the zoning ordinance in two ways. First, it argued that the zoning ordinance was effectively lost and unprovable by the fact that it was neither clearly identified in nor attached to the minutes of the May 21, 1985 meeting during which the ordinance was adopted. After the trial court ruled that the County could not rely on parol evidence to prove the contents of the ordinance, a County probate judge filed a petition pursuant to OCGA § 24-8-1 et seq. seeking to establish a copy of the zoning ordinance. The trial court established the copy as an original, and this Court affirmed in *East Ga. Land and Development Co. v. Baker*, 286 Ga. 551 (690 SE2d 145) (2010). Subsequently, in an order filed on December 20, 2010, the trial court found that the judgment as affirmed in that case rendered moot the argument made by EGL that the zoning ordinance was not attached to the minutes and granted summary judgment in favor of the County on this issue. EGL attacked the validity of the zoning ordinance a second way, by arguing that it is unenforceable because zoning maps had not been properly adopted by the County, thereby making the ordinance void due to indefiniteness or vagueness. In the same December 20, 2010 order, the trial court granted summary judgment in favor of the County on this issue as well, holding that the zoning ordinance was not indefinite. The trial court also stated that "[a]s a result, the zoning administrator of Newton County had no authority to issue the compliance letter to [EGL] as a matter of law." EGL appeals from this order.

1. EGL contends that the trial court erred in holding that *Baker* mooted any issue regarding whether the original zoning ordinance was invalid for not being attached to the minutes of the May 21, 1985 meeting.

In the order issued April 13, 2000, the trial court, interpreting our decisions in *Waldrop v. Stratton & McLendon*, 230 Ga. 709, 710 (198 SE2d 883) (1973) and *Friedman v. Goodman*, 219 Ga. 152, 160 (3) (b) (132 SE2d 60) (1963), found that the original zoning ordinance was not sufficiently identified in the minutes of the May 21, 1985 meeting so as to be incorporated by reference and thus held that the County must prove that the ordinance was physically attached to the minutes in order to satisfy the level of certainty and accessibility required under our Zoning Procedures Law (ZPL). See also OCGA § 36-1-25 ("[D]ocuments related to actions taken by a county governing authority may be included in the minutes or incorporated by reference to an alternate location.") The trial court then held that "whether the ordinance was so attached is a material question of fact." After over eight years of discovery, the trial court entered an order on August 22, 2008, staying further proceedings in the present case as the County had filed its petition to reestablish the

zoning ordinance by use of a copy pursuant to OCGA § 24-8-1. In an order issued on August 19, 2008 granting a motion to intervene in the reestablishment case filed by EGL, the trial court stated with regard to the stayed case that

> [i]n denying the first motion for summary judgment filed on July 2, 1999, it was found that whether the zoning ordinance had been attached to the minutes of the May 21, 1985, meeting was an issue of material fact which precluded the grant of summary judgment. The issue in [the reestablishment case] is the content of the zoning ordinance. If a decree is entered establishing the proposed copy of the ordinance as original, a trial will be held concerning whether the ordinance had been attached to the minutes.

The parties then proceeded on that basis, and on March 20, 2009, the trial court issued a final order establishing a copy of the zoning ordinance in lieu of the lost original, finding "that a zoning ordinance was adopted . . . on May 21, 1985, and apparently had been attached to the official minutes of the meeting[,] . . . was subsequently lost, and that a copy of the ordinance was found in the zoning office in 1999. . . ." As stated above, this decision of the trial court was affirmed in *Baker*.

In the order that is presently on appeal, the trial court held that our decision in *Baker* mooted any issue with regard to whether the original zoning ordinance was attached to the minutes so as to have been validly enacted. The trial court and the County seize on the fact that the final order in the reestablishment case stated that the ordinance "apparently had been attached" to contend that this issue is now settled, even though all of the prior dealings in the proceedings had rendered this issue outside of the purview of the reestablishment case. Regardless of the inequity of so holding, neither OCGA § 24-8-1 nor our decision in *Baker* addresses whether the 1985 zoning ordinance was attached to the minutes so as to be validly enacted.

OCGA § 24-8-1 states that when a copy becomes established, such copy "shall be in all respects evidence as the original records would have been." Title 24 is the section of the Georgia Code that sets forth the law regarding evidence. Thus, the plain language of the statute and its position in our Code demonstrates that the purpose of this statute is evidentiary only, with the established copy serving as an evidentiary substitute for the lost record. Nothing in OCGA § 24-8-1 et seq. provides that the establishment of a copy of a lost record will validate or render enforceable a previously invalid or unenforceable ordinance. "[T]he sole object of a statute providing for

the restoration of [public] records which have been destroyed is to restore the record as it existed, regardless of its regularity or legal effect. [Cit.]" 76 CJS Records § 41.

Only a few appellate decisions have construed OCGA § 24-8-1 or its predecessor statutes, but all of these decisions are consistent with the determination that establishing a copy of a lost record serves merely as evidence of its existence and contents and does not purport to validate or enforce it. For example, in *Bond v. Reid*, 152 Ga. 481 (110 SE 281) (1922), a will that had been duly probated and recorded had been destroyed when the county records office was consumed by fire. A proceeding to establish a copy of the lost will was initiated and appealed to this Court due to our jurisdiction over cases involving wills. However, we transferred the case to the Court of Appeals, finding that a proceeding to establish a copy in lieu of a duly probated and recorded will that had been destroyed was not a proceeding to probate a copy of a lost or destroyed will and thus does not fall within this Court's jurisdiction regarding the validity and construction of wills. *Bond v. Reid*, supra. The *Bond* court, therefore, distinguished a case to establish a copy of a lost will from a case challenging the validity of a will. See also *Loftin v. Carroll County Bd. of Education*, 195 Ga. 689 (1) (25 SE2d 293) (1943) (holding that the Supreme Court does not have jurisdiction over a case to establish a copy of a deed claimed to have been lost); *Mize v. Harber*, 189 Ga. 737, 742 (8 SE2d 1) (1940) (holding that copies previously established as replacements for lost original court documents were "in substance record evidence, and [are] entitled to as much weight as the [original documents] would have been given" as long as the statutes regarding the proper procedure for the recording of the originals had been followed).

In *Baker*, supra, this Court affirmed the establishment of a copy of the 1985 zoning ordinance, but we were careful to clarify that this issue was separate from the enforcement, adoption, or amendment of the ordinance. For example, we explained that " '[p]roperly construed, the [establishment] proceeding is not one to (enforce a zoning ordinance), but is one to establish a copy of a lost record (there)of . . . .' [Cit.]" *East Ga. Land and Development Co. v. Baker*, supra at 553 (2). In explaining our rejection of a challenge to the reestablishment statute based upon an alleged violation of separation of powers and of the ZPL, we stated that

> having previously distinguished this proceeding from the enforcement of an ordinance, we must now distinguish it from the adoption or amendment of an ordinance. A proceeding to establish a lost or destroyed ordinance is more akin to the interpretation of legislation which has already

> become effective. . . . Because [the trial court's decree] did not constitute "final legislative action by a local government" resulting in [an] adoption or amendment, the decree was not a "zoning decision" to which the ZPL applies. [Cit.]

*East Ga. Land and Development Co. v. Baker*, supra at 554-555 (4). In this portion of *Baker*, we not only stated that the reestablishment statute had no legislative or enforcement effect, but we also held that the establishment of a copy of a lost public record was not subject to the ZPL, which is the law under which EGL attacks the validity of the procedure the County used to enact the ordinance. Therefore, if the ZPL is inapplicable to a proceeding to establish a copy of a lost public record, then one can hardly claim that the issues with regard to the ZPL were settled and rendered moot in that very proceeding.

Finally, an example will illustrate the differing effect of OCGA § 24-8-1 on a lost public record from any law addressing the validity or enforcement of that public record. Suppose a warranty deed is recorded in the county clerk's real estate records. Subsequently, however, the grantor's guardian initiates litigation contending that the deed is unenforceable because the grantor was incompetent at the time of execution. While the litigation is pending, the records in the clerk's office are destroyed by fire. The probate judge institutes proceedings under OCGA § 24-8-1 to establish copies of the lost records, including the lost warranty deed, which is subsequently established. The establishment of the copy of the lost warranty deed, however, does not validate the deed over the guardian's claims that the grantor was incompetent. Rather, the established copy is admissible as if it were the original, which was subject to claims of the grantor's incompetency. Likewise, in the present case, the establishment of a copy of the zoning ordinance does not miraculously cure issues related to its validity, but merely establishes the copy as an evidentiary substitute for the original and thus subject to any validity or enforcement issues that could be raised against the original, including whether the original ordinance was attached to the May 21, 1985 minutes as required by law.

Consequently, the trial court erred in holding that *Baker* mooted any issue regarding the validity of the process used by the County to enact the original zoning ordinance, including whether the original zoning ordinance was attached to the minutes of the May 21, 1985 meeting.

2. EGL also contends that the trial court erred in granting summary judgment because material issues of fact exist regarding whether the zoning ordinance is invalid as vague. EGL contends that the zoning maps were not sufficiently identified to be incorporated by reference in the 1985 zoning ordinance.

"Under the [ZPL], the adoption of a zoning map . . . must comply with the same notice and hearing requirements as the adoption of a zoning ordinance. [Cits.]" *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 674 (5) (594 SE2d 344) (2004).

> "The tests to be fulfilled to effectively accomplish 'adoption of documents . . . by incorporation by reference' . . . are these: (1) The document must be sufficiently identified 'so that there is no uncertainty as to what was adopted.' (2) The document must be made a public record. (3) It must be 'accessible to members of the public who are, or may be, affected by it.' (4) The adopting (resolution) must give notice of this accessibility. [Cit.]" [Cit.]

*Reynolds v. Bd. of Commissioners of Paulding County*, 180 Ga. App. 516 (349 SE2d 536) (1986). In the December 20, 2010 order, the trial court held that the County has satisfied all four of these tests with regard to the official zoning maps. The court pointed to Article V, Section 5-1 of the 1985 zoning ordinance, which states the following:

> The sectional atlas property maps bounded in one (1) volume entitled "Official Zoning District Maps for Newton County", hereinafter called Official Zoning Maps, with all notations, references and other information shown thereon shall be the official maps and are hereby made a part of this Ordinance. Said maps shall be made a public record and shall be kept permanently in the Courthouse of Newton County, where the maps or accurate reproductions thereof will be accessible to the general public.

The above-quoted Section 5-1, as the trial court ruled, does satisfy the fourth requirement for a valid incorporation by reference. However, the record shows that a question remains regarding the first three tests for incorporation by reference.

According to the evidence, the volume of maps that was used as the official zoning maps at the time of EGL's request for a compliance letter was not designated the "Official Zoning District Maps for Newton County" as required by Section 5-1 of the zoning ordinance as well as the first test quoted above for a valid incorporation by reference. This volume was only designated as such after EGL initiated the present litigation. The trial court relied on the oral testimony of John Byce, who worked in the County's zoning office at the time of EGL's compliance request. Byce testified that, although the present maps were not designated as the official maps, the

previous set of maps was so designated. However, "parol evidence cannot be used to establish that the [undesignated set of] map[s] is the one referred to in the ordinance. [Cits.]" *City of Flovilla v. McElheney*, 246 Ga. 552 (1) (272 SE2d 287) (1980).

> While the adoption of documents in ordinances by incorporation by reference is valid where the document adopted is sufficiently identified and made a part of the public record ([cit.]), here the resolution required the map to be identified by [designation] and no such [designation appears on] the map. . . . It was therefore not apparent from documents or records thereof that the map was identical to the one which was incorporated by reference into the zoning resolution.

*Foskey v. Kirkland*, 221 Ga. 773, 774 (3) (147 SE2d 310) (1966). Therefore, the trial court erred by relying on parol evidence to provide a link between the original set of maps incorporated into the 1985 zoning ordinance and the set that is currently located in the zoning office. The importance of ensuring that the maps currently used by the County are identical to the ones incorporated by reference in the zoning ordinance is to provide certainty to the public as to what was actually adopted by the County and also to protect the public from any arbitrary changes of the ordinance or the maps that do not go through the requisite notice process outlined in the ZPL. The County claims that the original, designated volume of zoning maps has always existed and has been kept in the zoning administrator's office. However, the record shows that the County has never produced these originally designated maps which, if they do exist, would certainly settle this issue. As it stands presently, however, the evidence relied upon by the trial court to identify the County's official zoning maps was inadmissible.

*Judgment reversed and case remanded. All the Justices concur, except Benham and Hines, JJ., who dissent.*

BENHAM, Justice, dissenting.

I write because I respectfully dissent to Division 1 of the majority opinion. The trial court was correct when it concluded that the question of the existence of an original ordinance was rendered moot when we affirmed in *East Ga. Land and Dev. Co. v. Baker*, 286 Ga. 551, 552 (690 SE2d 145) (2010), the establishment of a true and correct copy of the ordinance as the original ordinance. The trial court's decision is in line with the purpose of OCGA § 24-8-2 which is to ensure there is evidence of an original record on file with the County in the event of the record's loss or destruction. Appellant cannot continue to use the ordinance's inadvertent detachment from

the minutes as a means to draw out this 14-year-old litigation and avoid, by a technical default, the possibility of an unfavorable outcome.

In the reestablishment action, the trial court issued a March 20, 2009, order finding that the 1985 ordinance was attached to the council minutes on May 21, 1985. Specifically, after holding a bench trial and hearing evidence from appellant and appellees, the trial court unequivocally stated: "The Court *finds* that a zoning ordinance was adopted by the Newton County Board of Commissioners on May 21, 1985, and apparently *had been attached* to the official minutes of the meeting." (Emphasis supplied.) The trial court noted that the issue was a question of fact and based its final findings on various evidence presented, including the testimony of the county clerk who, in 1985, attached the ordinance in question to the minutes. In *Baker*, supra, we confirmed that "the superior court heard the case . . . [, that the superior court] found that the 1985 ordinance was originally attached to the May 21, 1985 minutes," and we affirmed the trial court's decision in toto. 286 Ga. at 552. Then, on March 1, 2010, we expressly denied appellant's motion for reconsideration which requested this Court to exclude the phrase "found that the 1985 ordinance was originally attached to the May 21, 1985 minutes" from the opinion. Thus, as of 2010, any dispute regarding the attachment of the ordinance to the minutes in 1985 had been resolved between these parties going forward. See, e.g., OCGA § 9-11-60 (h) (". . . any ruling by the Supreme Court . . . in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court . . . as the case may be"); *In re T. M. G.*, 275 Ga. 543, 544 (570 SE2d 327) (2002) ("the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies" is barred by collateral estoppel). Appellant must now advance its case based on the substance of the ordinance, rather than rehashing a factual dispute that no longer exists.

Accordingly, I would affirm the trial court's grant of summary judgment to appellees on this issue.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED MARCH 19, 2012.

*Chamberlain, Hrdlicka, White, Williams & Martin, Jimmy L. Paul, Drew V. Greene*, for appellant.

Cook, Noell, Tolley & Bates, Edward D. Tolley, William T. Craig, James B. Griffin, Peter R. Olson, for appellee.