In the Supreme Court of Georgia

Decided:   October 20, 2014

S14A1049. NEWTON COUNTY et al. v. EAST GEORGIA LAND
AND DEVELOPMENT COMPANY, LLC.

BLACKWELL, Justice.

East Georgia Land and Development Company, LLC sued Newton
County and several of its officers for a writ of mandamus,[1] contending that a
zoning ordinance adopted by the County on May 21, 1985 is invalid. The trial
court agreed that the zoning ordinance is invalid, it awarded summary judgment
to East Georgia, and the County appeals. We find no error and affirm.

The zoning ordinance at issue refers to — and purports to incorporate by
reference — a set of maps identified in the ordinance as the "Official Zoning
District Maps for Newton County." These maps are an integral part of the

---

[1] More specifically, East Georgia sued Newton County, its zoning administrator, its
commissioners, and its Board of Zoning Appeals. For the purposes of this appeal, we have
no need to distinguish between the various defendants, and so, for the sake of simplicity, we
refer to the defendants collectively as the "County." By the way, this appeal marks the third
appearance of this dispute in our Court. For more information about the circumstances that
led to the dispute and earlier and related proceedings, see our decisions in East Georgia Land
& Dev. Co. v. Baker, 286 Ga. 551 (690 SE2d 145) (2010), and East Georgia Land & Dev.
Co. v. Newton County, 290 Ga. 732 (723 SE2d 909) (2012).

zoning ordinance. The ordinance identifies the lands to which its various zoning classifications apply only by reference to the maps, and without the maps, the zoning ordinance would be too indefinite and vague to satisfy the requirements of due process. See Hulsey v. Smith, 224 Ga. 783, 783 (164 SE2d 782) (1968); City of Waycross v. Boatright, 104 Ga. App. 685, 687-688 (2) (122 SE2d 475) (1961). See also City of Flovilla v. McElheney, 246 Ga. 552, 552 (1) (272 SE2d 287) (1980); City Council of Augusta v. Irvin, 109 Ga. App. 598, 600 (1) (137 SE2d 82) (1964). The County does not dispute that the maps are an essential part of the ordinance.

The only such maps that appear in the record, however, were adopted by the County on July 2, 1985, and nothing in the record shows that those maps even were in existence on May 21, 1985, when the County enacted the zoning ordinance.[2] As we explained when this case last appeared in our Court, for an

_____

[2] The County argues that it had adopted some maps in 1971 in connection with an earlier zoning ordinance, and the 1971 maps were in existence on May 21, 1985, when the County enacted the zoning ordinance at issue. The problem is, nothing in the record shows that the 1971 maps were designated as "Official Zoning District Maps for Newton County," the designation by which the 1985 ordinance identifies the maps incorporated therein. Accordingly, the record fails to show that the 1971 maps are the same maps that the 1985 ordinance purports to incorporate by reference. See East Georgia Land & Dev. Co. v. Newton County, 290 Ga. 732, 737-738 (2) (723 SE2d 909) (2012). And in any event, no original or certified copy of the 1971 maps appears in the record, and an ordinance only can

2

ordinance to properly incorporate a map or other document by record, four

criteria must be satisfied:

> (1) The document must be sufficiently identified so that there is no uncertainty as to what was adopted. (2) The document must be made a public record. (3) It must be accessible to members of the public who are, or may be, affected by it. (4) The adopting resolution must give notice of this accessibility.

East Georgia Land & Dev. Co. v. Newton County, 290 Ga. 732, 737 (2) (723

SE2d 909) (2012) (citation and punctuation omitted). A map not yet in existence

cannot have been "made a public record" and certainly is not "accessible to

members of the public who are, or may be, affected by it." Indeed, this Court

previously has rejected "the proposition that the principle of incorporation by

reference can apply prospectively to a document which has yet to be filed or

made a public record because it is non-existent." McKee v. City of Geneva, 280

---

be proved only by "production of the original or of a properly certified copy." Thorsen v. Saber, 288 Ga. 18, 19 (1) (701 SE2d 133) (2010) (citations omitted). Finally, even if the 1971 maps were shown to bear the relevant designation, and even if the 1971 maps were properly authenticated, the 1971 maps are inconsistent in several respects with the 1985 ordinance — the 1971 maps, for instance, designate a different number of districts than are indicated by the 1985 ordinance — and for that reason as well, the 1971 maps clearly are not the maps that the County meant to incorporate by reference when it enacted the 1985 ordinance. The 1971 maps "may have reflected the zoning that existed before [May 21, 1985], but they are not part of the [1985 zoning ordinance], and are not probative of the zoning established in the . . . map [identified in the 1985 zoning ordinance]." Bd. of County Commrs. v. Rohrbach, 226 P3d 1184, 1188 (Colo. App. 2009).

3

Ga. 411, 412-413 (627 SE2d 555) (2006). Cf. Mid-Ga. Environmental Mgmt. Group v. Meriwether County, 277 Ga. 670, 674 (5) (594 SE2d 344) (2004) (requirements for incorporation of zoning map by reference were met when, among other things, "[t]he minutes show that the Board had before it the official zoning map at the time it considered the ordinance"); Reynolds v. Bd. of Commrs. of Paulding County, 180 Ga. App. 516 (349 SE2d 536) (1986) (upholding validity of zoning ordinance — which purported to incorporate the official zoning map by reference — based on, among other things, the trial court's finding that "[a]t the time of said adoption, there was an official zoning map in existence"). In this respect, our law is consistent with the general rule in American law. See 1 Salkin, American Law of Zoning § 9:3 (5th ed.). From the record, it appears that an essential part of the zoning ordinance was missing when the County enacted the ordinance on May 21, 1985. The trial court so found, and as a result, the trial court concluded that the ordinance was void at the moment of its enactment. We see no error in the findings of the trial court on this point, nor in its conclusion that the ordinance was void from its inception. See Boatright, 104 Ga. App. at 688 (2). See also Irvin, 109 Ga. App. at 600 (1).

4

The County argues that, even if the ordinance was invalid at the moment of its enactment, it was made valid on July 2, 1985, when the County adopted the set of maps bearing the designation "Official Zoning District Maps of Newton County." But there is no evidence that the County *reenacted* the ordinance on July 2, 1985, when it adopted the maps, see State ex rel. Weiks v. Town of Tumwater, 400 P2d 789, 792 (Wash. 1965), and there also is no evidence that the County purported on July 2, 1985 to incorporate the adopted maps into any zoning ordinance. See Bd. of County Commrs. v. Rohrbach, 226 P3d 1184, 1188 (Colo. App. 2009). And we previously have rejected the idea that an ordinance void at the moment of its enactment can somehow be revived without the formality required to fully enact it again. See McElheney, 246 Ga. at 552-553 (1), (2) (zoning ordinance was void and could not be revived where it required certification of maps by a nonexistent official). See also Mancil v. City of Pearson, 158 Ga. 279, 282 (123 SE 207) (1924) (where ordinance creating a board of tax-equalizers for the year 1922 was void, a 1923 ordinance could not cure the prior ordinance and create a new board for the year 1922). On this point too, Georgia law is consistent with the general rule in American law. See 3 Rathkopf's The Law of Zoning & Planning § 39:8 (4th ed.) ("Where the

original ordinance is itself void or invalid for failure to have followed procedural requirements in its enactment, the usual rule is that any amendment thereto — even if made under proper procedures — is also invalid." (Citations omitted.)); 6 McQuillin, The Law of Municipal Corporations § 21:5 (3d ed.) ("The general rule is that void ordinances cannot be amended and that an ordinance passed as an amendment to a previous ordinance, which never took effect, is invalid; a void ordinance cannot be vitalized by amendment, and reenactment is necessary to validate that intended to be enacted by it." (Citations omitted.)). The adoption of "Official Zoning District Maps of Newton County" on July 2, 1985 did nothing to revive the invalid ordinance of May 21, 1985.

The trial court did not err when it concluded that the May 21, 1985 zoning ordinance is invalid, and it was right to award summary judgment to East Georgia. Accordingly, we affirm the judgment of the trial court.[3]

_____

[3] Two other points warrant a mention. First, in its brief, the County worries that, if the judgment of the trial court were affirmed, it would "render every zoning ordinance in Georgia invalid." After all, the County says, most local zoning ordinances and maps are amended from time to time, and if the adoption of maps in this case after the enactment of the zoning ordinance leaves the ordinance invalid, then no zoning ordinance or map could be later amended. But the County misunderstands the ruling of the trial court. It was not the July 2, 1985 adoption of maps that rendered the zoning ordinance here invalid; the zoning ordinance is invalid because, when it was enacted on May 21, 1985, it was incomplete. An ordinance properly enacted and complete at its enactment can be amended, so long as the

6

Judgment affirmed. All the Justices concur.

---

proper procedures for amendment are followed. See <u>Meriwether County</u>, 277 Ga. at 673 (3); <u>Atlanta Bio-Med v. DeKalb County</u>, 261 Ga. 594, 595 (2) (408 SE2d 100) (1991). The worry expressed by the County is overblown.

Second, perhaps the reader might think our decision formalistic, and in a sense, it is. But the law requires such formalism, and as we have explained before, there are good reasons to insist upon such formalism in lawmaking, especially when it comes to the enactment of laws restraining the property rights of citizens. Such formalism is necessary, we have said, "to provide certainty to the public as to what was actually adopted by the County and also to protect the public from any arbitrary changes of the ordinance or the maps that do not go through the . . . notice process." <u>Newton County</u>, 290 Ga. at 738 (2).